IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Steven Mendoza, | ) |
| *Plaintiff,* | ) ) ) |
| -*vs*- | ) No. 20-cv- ) |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) ) ) ) ) |
| *Defendants.* | ) |

# COMPLAINT

Plaintiff Steven Mendoza, by counsel, alleges as follows:

1. This is a civil action arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. §12132 and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). The jurisdiction of this Court is conferred by 28 U.S.C. §12133, and 29 U.S.C. §794a(a)(2).

2. Plaintiff Steven Mendoza was processed into Cook County Jail on November 18, 2019 and was assigned booking number 20191118014.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiff sues Dart in his official capacity only.

4. Defendant Cook County, in collaboration with the Sheriff as outlined in the January 2011 Inter-Agency Agreement, is responsible for accommodating the needs of disabled prisoners remanded to the Sheriff of

Cook County and is a necessary party in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

5. Defendants Sheriff and Cook County have received federal funds since at least 2011.

6. Plaintiff Mendoza is paralyzed. He requires a wheelchair to move from place to place.

7. Plaintiff Mendoza has attended court at Branch 38 and the Leighton Courthouse. Plaintiff experiences ongoing violations of the ADA and Rehabilitation Act when attending court.

8. At the various courthouses, the plaintiff does not have access to an accessible sink and toilet. As a result, the plaintiff is deprived the ability to toilet and use the sink on a basis equal to nondisabled inmates.

9. The plaintiff has also been denied the ability to move to court on a basis equal to nondisabled inmates. On November 22, 2019, for example, the plaintiff fell out of his wheelchair because the Sheriff's employees pushed plaintiff over grass, rather than a concrete pathway, following a court appearance at Branch 38. This fall caused plaintiff physical injuries.

10. Plaintiff also experiences physical barriers at Leighton. To reach court on the sixth floor the plaintiff passes a gate. This space, however, is too narrow for the passage of plaintiff's wheelchair. To pass

this barrier the staff must partially collapse plaintiff's wheelchair and the plaintiff must lift his body using the gate. This process has caused plaintiff pain and discomfort. A photograph of this encounter is below:



11. Defendants are aware that Branch 38 and Leighton have physical barriers for wheelchair users and do not have any holding cells designed to accommodate wheelchair users like plaintiff. Defendants also know that wheelchair users, like plaintiff, are discriminated against because of physical barriers at Brach 38 and Leighton.

12. Members of the general public, however, do not experience physical barriers at Leighton because toilets and sinks have been renovated to meet that ADA standards and passageways have sufficient space.

13. The refusal of defendants to correct the obvious physical barriers or provide reasonable accommodations to attend court violates the rights of plaintiff and similarly situated inmates.

14. Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that judgment be entered in favor of plaintiff for appropriate compensatory damages, that the Court fashion appropriate prospective relief, and that the Court grant whatsoever other relief may be appropriate, including an award of attorney's fees and costs.

/s/ Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
(773) 233-7900
*Attorney for Plaintiff*