IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Steven Mendoza, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | 20-cv-670 |
|     -*vs*- | ) | |
| | ) | Judge Bucklo |
| Thomas Dart, Sheriff of Cook | ) | |
| County, and Cook County, Illinois, | ) | Magistrate Judge McShain |
| | ) | |
| | ) | |
|     *Defendants*. | ) | |

**PLAINTIFF'S MOTION TO COMPEL INSPECTION OF 111th STREET COURTHOUSE**

Plaintiff Steven Mendoza, by counsel, moves the Court to order the Sheriff of Cook County to permit an inspection of the 111th Street Courthouse with plaintiff's architect consultant.

Grounds for this motion are as follows:

1.    Plaintiff Steven Mendoza is a wheelchair-user and alleges he experienced discrimination when attending court at Branch 38, a court location at 727 E. 111th Street, Chicago, IL 60628, because of physical barriers. Dkt. 1, Complaint ¶¶ 6-8.

2.    Plaintiff alleges he was unable to toilet and use the sink on a basis equal to nondisabled inmates because of structural barriers. Plaintiff explained the problem caused by these barriers in a detainee grievance shown below:

> **REQUIRED - DATE OF INCIDENT:** 12/17/2019
> **REQUIRED - TIME OF INCIDENT:** 1030 am – 4 pm
> **REQUIRED - SPECIFIC LOCATION OF INCIDENT:** Branch 38 111th
> **REQUIRED - NAME and/or IDENTIFIER(S) OF ACCUSED:** branch 38
>
> I was placed in a cell that is not wheelchair accessable for the third time. For several hours I could not empty my bladder which caused me alot of pain in my lower back for several hours until I urinated myself. I could not reach the drinking water as well which made me extremely dehydrated until I got back to my dorm. Please don't send me back to branch 38 it causes me pain & suffering
>
> **CRW/PLATOON COUNSELOR (Print):** Scales (Sneed)
> **SIGNATURE:** W. Scales
> **DATE CRW/PLATOON COUNSELOR RECEIVED:** 12/18/19

3. The plaintiff also alleges he experienced discrimination when being transported to the courthouse because the designated passageway to enter the building was too narrow for his wheelchair. As a result, staff used a side door and traversed an inaccessible path of travel. Plaintiff fell one time while being transported using this inaccessible path of travel as explained in his grievance:

> **REQUIRED - DATE OF INCIDENT:** 11/22/2019
> **REQUIRED - TIME OF INCIDENT:** 2 PM
> **REQUIRED - SPECIFIC LOCATION OF INCIDENT:** Branch 38 111th
> **REQUIRED - NAME and/or IDENTIFIER(S) OF ACCUSED:** Officer Luckett, Officer Garcia
>
> When i was being transported from court Officer Luckett pushed my wheelchair thru the grass instead of the wheelchair accessible sidewalk. That is when I fell out of my wheelchair. I'm paralyzed from the waist down so when i fell out I crushed my legs. I am disabled.
>
> **NAME OF STAFF OR INMATE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:** Inmate Ron Browning - 20190116223
> **CRW/PLATOON COUNSELOR (Print):** Sneed
> **DATE CRW/PLATOON COUNSELOR RECEIVED:** 11/27/19

4. Shortly after this incident, Correctional Officer James Luckett, the officer who transported plaintiff from the courthouse, wrote a statement that

-2-

"111th Street not handicap accessible. Entry bars don't permit detainees to enter throug bars. Bars are too small. Had to take detainee out the side entrance which walkway was filled with water." See Exhibit 1, Prisoner/Arrestee Custody Transfer Sheet at 2.

5. On September 21, 2020 plaintiff served a request to inspect the 111th Street Courthouse. A copy of the notice is attached as Exhibit 2. Because of COVID, the parties agreed to delay the scheduling of this inspection.

6. Beginning April 2021, plaintiff requested cooperation scheduling this inspection. A copy of a letter memorializing a phone call on April 22, 2021 is attached as Exhibit 3.

7. The parties held another phone conferral on June 3, 2021 regarding this inspection request. The undersigned sent a letter to defense counsel the following day regarding the conferral. Exhibit 4, P.Morrissey letter dated 6/4/2021.

8. The parties had another phone conferral on June 16, 2021 regarding the inspection. The Sheriff requested that plaintiff serve an amended inspection notice to assist with coordinating the inspection. The undersigned memorialized this conversation in an e-mail sent to defense counsel on June 16, 2021. Exhibit 5, P.Morrissey e-mail sent 6/16/2021. Plaintiff also served an amended inspection notice regarding the 111th Street Courthouse the same day. Exhibit 6, Amended Inspection Request served 6/16/2021.

9. After service of this amended inspection notice and the appearance of the Sheriff's new counsel, plaintiff sent several e-mails and held at least two

phone conferrals. Despite numerous requests and conferrals, the Sheriff has not provided any position on whether to permit the inspection of the 111th Street Courthouse.

10. Plaintiff, therefore, respectfully requests that the Court order the Sheriff to permit inspection of all matters outlined in the amended inspection notice, attached as Exhibit 6, with the exception of the attorney-client room. Plaintiff briefly outlines why each item is relevant for inspection:

a. **Item 1: Path of travel from wheelchair van to the 111th Street lockup.** There is a dispute about how wheelchair detainees enter the courthouse. On one hand, Officer Luckett wrote the designated path of travel is not accessible for a wheelchair user because of a gate and plaintiff used a "side entrance" to exit the courthouse. *See* Exhibit Prisoner/Arrestee Custody Transfer Sheet at 2. Officer Esteban Garcia, an officer who escorted plaintiff to court with Officer Luckett, however, testified he observed plaintiff move through a door depicted below:

 



-4-

*See* Exhibit 7, Garcia Dep 33:13-17, 40:20-41:19. Therefore, it is necessary for plaintiff to inspect both paths of travel from the wheelchair van to the lockup area at the 111th Street Courthouse, particularly since plaintiff alleges, he was injured being transported from this facility using an inaccessible pathway. *See* Dkt. 1, Complaint ¶ 9.

    b. **Item 2. Lockup supervised by the Sheriff at 111th Street Courthouse.** According to Officer Anthony Sapp, an employee assigned to the 111th Street Courthouse more than 21 years, there are three cells and three bullpens in the lockup area. Exhibit 8, Sapp Dep 18:19-23, 30:23-31:12. Plaintiff alleges that he was deprived access to an accessible toilet and sink in this lockup. Plaintiff requests to inspect this lockup area to assess whether plaintiff's allegations are accurate. In addition, plaintiff seeks to have this area inspected, measured, and photographed by a consulting architect who then may be disclosed to serve as an expert in this case.

    c. **Item 5. Bathrooms available to the public at 111th Street Courthouse.** There is a dispute of fact whether detainees are permitted to use the public bathrooms. Officer Sapp said wheelchair-using detainees do not have access to the public bathrooms. Exhibit 8, Sapp Dep 74:20-75:9. The Sheriff's ADA Compliance Officer, Sabrina Rivero-Canchola, avers that wheelchair-users will be transported to a public bathroom upon request in accordance with a policy of the Sheriff's Office. Exhibit 9, Rivero-Canchola Dep 39:23-41:3, 43:12-44:10. Inspection of these

bathrooms is necessary because it may be a defense of the Sheriff; that upon request a wheelchair-user will be transported to a public ADA bathroom.

    d.  **Item 6. Bathrooms available to Sheriff's staff at 111th Street Courthouse.** Officer Sapp testified there is a bathroom used by staff that has grab bars around the toilet. Exhibit 8, Sapp Dep 73:14-74:8. He testified that he has never seen a wheelchair-user use the staff bathroom and no supervisor has provided training regarding a detainee using staff bathrooms. *Id.* at 75:10-76:19. The Sheriff's ADA Compliance Officer, however, testified the staff bathrooms are made available to inmates upon request. Exhibit 9, Rivero-Canchola Dep 43:12-45:6. Inspection of these bathrooms is relevant because it is an accommodation the Sheriff's ADA Compliance Officer contends is available to inmates like plaintiff Mendoza.

    e.  **Item 7. The portable toilet chair and location where this is stored at 111th Street Courthouse.** Sabrina Rivero-Canchola testified that around 2014 a portable toilet chair was delivered at the 111th Street Courthouse. Exhibit 9, Rivero-Canchola Dep 25:24-27:15. Officer Sapp, however, said there are no portable toilet chairs in the lockup area for detainees. Exhibit 8, Sapp Dep 77:1-13. Plaintiff seeks to inspect this item and the location where it is stored because it is a purported accommodation for wheelchair-users, according to the ADA Compliance Officer.

11. The above items are relevant to the claims and defenses at issue in this case pertaining to the 111th Street Courthouse.

It is therefore respectfully requested that the Court order defendant Sheriff to permit an inspection of the 111th Street Courthouse consistent with the items outlined in paragraph 10 of this motion with plaintiff's consultant within fourteen days.

                    Respectfully submitted,

/s/ Patrick W. Morrissey
    Thomas G. Morrissey, Ltd.
    10150 S. Western Ave., Ste. Rear
    Chicago, IL 60643
    (773)233-7900
    pwm@morrisseylawchicago.com

*an attorney for plaintiff*

## CERTIFICATE OF COMPLIANCE

Under penalty of perjury, the undersigned certifies the following statements are true:

1. As explained in the body of the motion, plaintiff's counsel has engaged in several phone conferrals with the Sheriff's attorneys regarding the inspection of the 111th Street Courthouse.

2. After the Sheriff's new counsel appeared, plaintiff wrote on 6/26 seeking a position on the inspection. Exhibit 10 at 3, P.Morrissey e-mail sent 6/26/2021. At the request of the Sheriff's attorney, the undersigned attorney wrote to Ms. Burkoth on 7/4/2021 outlining why the inspection of the 111th Street Courthouse is relevant. *See* Exhibit 10 at 1, P.Morrissey e-mail sent 7/4/2021. Plaintiff's counsel had a phone call with Ms. Burkoth on 7/6 and she was unprepared to discuss the inspection and the parties agreed to talk on 7/9. The parties had a phone conferral on 7/9 and Ms. Burkoth still did not have a position on the inspection.

3. Despite numerous conversations and several written exchanges, the parties have not made any progress regarding an inspection of the 111th Street Courthouse with plaintiff's architect consultant.

4. Despite good faith conferrals, the parties are unable to reach accord.

/s/     <u>Patrick W. Morrissey</u>