IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Steven Mendoza, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | 20-cv-670 |
| *-vs-* | ) | |
| | ) | Judge Bucklo |
| Thomas Dart, Sheriff of Cook | ) | |
| County, and Cook County, Illinois, | ) | Magistrate Judge McShain |
| | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFF'S MOTION TO COMPEL COOK COUNTY TO PRODUCE DISCOVERY**

Plaintiff Steven Mendoza, by counsel, moves the Court to order Cook County to produce discovery.

Grounds for this motion are as follows:

1.     Plaintiff Steven Mendoza is a wheelchair-user and alleges he experienced discrimination when attending court at Branch 38, a court location at 727 E. 111th Street, Chicago, IL 60628, because of physical barriers. Dkt. 1, Complaint ¶¶ 6-8.

2.     Despite many conferrals with counsel for Cook County, there are several discovery issues that remain outstanding, including:

   a.  A supplement and verification of Cook County's interrogatory answers;

   b.  Designating a Rule 30(b)(6) designee;

   c.  Documents regarding ADA renovations to the public and staff bathrooms at the 111th Street Courthouse

Plaintiff will outline each issue below:

**I.    Verification and Supplement to Plaintiff's First Set of Interrogatories**

3.    On June 5, 2020, plaintiff served eight concise interrogatories to Cook County. *See* Exhibit 1, Plaintiff's First Set of Interrogatories. It took Cook County more than six months, or until December 30, 2020, to respond to this discovery. *See* Exhibit 2, Cook County's Response to Plaintiff's First Set of Interrogatories.

4.    Rule 33(b)(5) of the Federal Rules of Civil Procedure requires interrogatories to be signed by a party. Cook County's interrogatory answers are not verified. And some interrogatory answers, for example the answer to interrogatory number 1, are not responsive:

> 1.    Identify, by name and position, the individual who answered each interrogatory.
>
> **RESPONSE: Counsel for Cook County in consultation with Capital Planning.**

*Id.* ¶ 1.

5.    The same day Cook County served the discovery, the undersigned sent an e-mail to counsel requesting a verification and that Cook County supplement the answer to interrogatory number 1. *See* Exhibit 3, P.Morrissey e-mail sent 12/30/2020.

6.    In addition, plaintiff raised concern with the new defense counsel, ASA Miguel Larios, during a phone call on February 4, 2021, that Cook County did not adequately answer interrogatory number 1 seeking the identify of the individuals who participated in answering each interrogatory. Exhibit 4, P.Morrissey letter dated 2/4/2021. During the call, Cook County agreed to revisit this interrogatory and provide a verification form.

7.      The undersigned attorney has engaged in numerous subsequent conferrals with ASA Larios regarding this issue. On April 22, 2021, Cook County again agreed to revise interrogatory number 1 and provide a verification during a phone conversation. *See* Exhibit 5, P.Morrissey letter dated 4/22/2021. On July 15, 2021, the parties held a phone conversation where Cook County again agreed to provide a verification and supplement various interrogatory answers by July 23, 2021. *See* Exhibit 6, P.Morrissey letter dated 7/15/2021. The parties also filed a status report on July 23, 2021, where Cook County agreed to serve supplemental interrogatory answers by July 23, 2021 and provide a verification. Dkt. 66, Joint Status at 3.

8.      During week of July 26, 2021, plaintiff's counsel has made several efforts to discuss a status of this outstanding discovery, including e-mails and at least one phone call. In response to plaintiff's requests for a status, ASA Larios wrote an e-mail "Tom, I'm sorry that you thought I made you a promise, but I cannot produce documents that I don't have." Exhibit 7, ASA Larios e-mail sent 7/29/2021.

9.      There is no good cause for defendant Cook County's inability to timely supplement interrogatories and provide a verification.  Plaintiff has requested cooperation from Cook County to address this matter for six months without success.

10.      Plaintiff therefore requests that the Court promptly order Cook County to supplement interrogatory answers and provide a verification.

## II.  Rule 30(b)(6) Served to Cook County Regarding 111th Street Renovations

11.     On June 14, 2021, plaintiff served a Rule 30(b)(6) notice to Cook County pertaining to efforts to renovate the 111th Street Courthouse. *See* Exhibit 8, Rule 30(b)(6) Notice.

12.     This notice was formulated on a document plaintiff produced to defense counsel in this case that explains Cook County set aside $4.55 million in 2017 to renovate the 111th Street Courthouse and four other "Branch Courts" for ADA compliance. *See* Exhibit 9, 2017 Projects, Marked Walker CCSAO 000876.

13.     On June 23, 2021, ASA Larios represented he would provide a position as the earliest possible time whether Cook County would designate Eric Davis as the Rule 30(b)(6) designee. Exhibit 10, e-mails between P.Morrissey and ASA Larios sent 6/23/2021. The undersigned sent ASA Larios another e-mail on July 1, 2021 seeking a position on the Rule 30(b)(6) deposition. Exhibit 11, P.Morrissey e-mail sent 7/1/2021.

14.     The parties have engaged in several phone conferrals regarding this topic.  During a phone conferral on July 15, 2021, ASA Larios said that he is waiting on a position by Cook County whether he is permitted to designate Eric Davis, the Deputy Director of the Cook County Department of Capital Planning and Policy, for this deposition. During the conversation, ASA Larios agreed to provide a position on this matter by July 23, 2021. *See* Exhibit 6, P.Morrissey letter dated 7/15/2021 at 1.

15.     The parties held another conferral on July 23, 2021 by telephone to prepare a status report. ASA Larios again said he was waiting for Cook County to

provide final approval to designate Eric Davis as the Rule 30(b)(6) designee. This position was articulated in the joint status filed on July 23, 2021. Dkt. 66, Joint Status at 4.

16.     During the week of July 26, 2021, plaintiff's counsel requested a position whether Eric Davis will be produced as a Rule 30(b)(6) designee. As of the filing of this motion, Cook County has not provided any position on this matter. Notably, defendant Cook County has never conveyed any written or oral objection to producing a designee in response to the Rule 30(b)(6) notice.

17.     It is therefore respectfully requested that the Court order Cook County to promptly identify and produce a Rule 30(b)(6) designee responsive to the notice attached as Exhibit 8.

**III.    Production of Documents Pertaining to the Renovation of Branch 38 (111th Street Courthouse) to Provide ADA Compliant Bathrooms for the Public and Staff**

18.     Plaintiff Mendoza contends Cook County has intentionally discriminated against wheelchair users at the 111th Street Courthouse by refusing to provide ADA compliant toilets and sinks for wheelchair users in lockups. Dkt. 1, Complaint ¶ 11.

19.     Cook County has known about the inaccessible conditions of confinement since at least May 5, 2017 when Cook County hired the "STV Heery team" to perform a walkthrough and prepare an observation report regarding the

courthouse.[1] *See* Exhibit 12, Observation Notes. The report states "ADA toilets are not present in holding cells."[2] *Id.* at 3.

20.     In a request for production served June 5, 2020, plaintiff requested defendants to produce documents identifying renovations to make Branch 38 staff and public bathrooms ADA compliant. In response to this request, the Sheriff formulated the following response:

> 16. All documents outlining renovations to Branch 38 to provide ADA compliant bathrooms for the public and staff.
>
> **RESPONSE:** Defendant Sheriff Dart responds that these documents are not within his possession, custody or control. Accordingly, Defendant responds none.

Exhibit 13, Sheriff Response to Request for Production. Defendant Cook County responded to the same request objecting on the basis that the information is not discoverable and may pose a safety or security risk:

> 16.     All documents outlining renovations to Branch 38 to provide ADA compliant bathrooms for the public and staff.
>
> RESPONSE: Defendant Cook County Defendant objects to this Request as irrelevant, overly broad, and not proportional to the needs of the case. There is no reason to believe that the requested information would make any claim or defense in this matter any more or less likely. Defendant further object to the term "outline" as vague and ambiguous. To the extent this request is seeking any documents that may reveal floor plans, Defendant Cook County objects as producing such documents poses a safety and security risk.

---

[1] Plaintiff obtained this document from a freedom of information request directed at the Cook County President's Office. Plaintiff produced this document to defendants in this case.

[2] Notably, Cook County's answer to interrogatory 5 seemingly disputes this contention. When asked why there are no ADA compliant bathrooms in the holding cells at Branch 38, Cook County objects "as argumentative, speculative, and assuming facts that are not in evidence." Exhibit 5, Cook County Answer to Interrogatory ¶ 5.

Exhibit 14, Cook County Response To Production served 12/30/2020.

21.     The state of the public and staff bathrooms is relevant in this case because the Sheriff's ADA Compliance Officer, Sabrina Rivero-Canchola, avers that the Sheriff permits disabled inmates to use either a staff or public ADA compliant bathroom upon request. The full testimony regarding this procedure is below:

Q.     Explain the procedure in Chicago Police Courts South for a wheelchair user to use the public ADA bathroom.

[objection to form and foundation by defense counsel]

A.     As I've previously stated, the procedure is to take the detainee to a public accessible bathroom if an accessible bathroom in a secured area is not available.

Q.     What do you mean by "a secured area"?

A.     A secured area would be an area only occupied by a detainee or security staff, not by the public.

Q.     So would that be a – Strike that.
Does the Sheriff's Office allow a wheelchair user to use a staff ADA bathroom upon request?

[objection to form and foundation by defense counsel]

A.     Possibly. I don't know.

Q.     Well, have you trained Sheriff's staff to allow wheelchair users to use staff ADA bathrooms upon request?

A.     Have I specifically told them to allow them to use a staff ADA bathroom? No.

Q.     Why not?

A.     Because a staff ADA bathroom would be contained in a secure area, as I previously stated, so there would be no

> issue with them taking them to an accessible bathroom
> within a secured area.

Dkt. 57-9, Rivero-Canchola Dep 43:12-44:21.

22.     There is evidence in this case that the public bathroom and bathroom for security staff may be accessible. Officer Sapp, an employee of the 111th Street Courthouse for more than 21 years testified that each bathroom has at least one grab bar to assist a person toilet. Exhibit 57-8, Sapp Dep 18:19-23, 35:20:23, 73:14-74:8.

23.     During a conferral on July 23, 2021, ASA Larios represented that there may have been renovations around 2018 to make certain bathrooms at the 111th Street Courthouse compliant with ADA structural standards. A letter by the undersigned attorney memorializing this conversation is attached as Exhibit 15, P.Morrissey letter dated 7/23/2021 at 2.

24.     Indeed, the Sheriff now represents an accommodation is in place to bring wheelchair-users, like plaintiff Mendoza, to the "men's public bathroom on the Sheriff's side of the building" upon request. *See* Dkt. 69, Defendant Sheriff's Response to Motion to Compel, ¶ 5.

25.     But the parties are uncertain even if there are ADA compliant bathrooms for staff and the general public. In response to two concise interrogatories regarding this topic, Cook County, the entity responsible for the physical structure of the Branch 38 Courthouse, could not answer this interrogatory:

3.    Does the Branch 38 courthouse have ADA accessible bathrooms for the general public?

1

RESPONSE: Defendant Cook County objects to Interrogatory No. 3 as irrelevant and not related to any claim or defense asserted. Subject to and without waving said objection, Cook County took over the lease of Branch 38 in 2019, and has not conducted a comprehensive examination of all bathrooms to determine ADA accessibility.

4.    Does the Branch 38 courthouse have ADA accessible bathrooms for the staff?

RESPONSE: Defendant Cook County objects to Interrogatory No. 4 as irrelevant and not related to any claim or defense asserted. Subject to and without waving said objection, Cook County took over the lease of Branch 38 in 2019, and has not conducted a comprehensive examination of all bathrooms to determine ADA accessibility

Exhibit 2, Cook County Response to First Set of Interrogatories ¶¶ 3-4.

26.    Whether Cook County is in possession of documents to make either the public or staff bathroom ADA compliant and the dates when these modification were made is relevant to a central question in this case, whether plaintiff Mendoza had access to an ADA compliant bathroom in 2019 when he attended court at the 111th Street Courthouse.

27.    Cook County also has not provided any gloss to the objection that these documents should be withheld for safety or security reasons and the Court should overrule this objection.

28.     There is one additional matter that shows this information is relevant. There is a dispute of fact whether the security staff bathrooms are ADA compliant.  In a filing on July 30, 2021, the Sheriff represents none of the security staff bathrooms are ADA compliant. Dkt. 69, Sheriff's Response to Motion to Compel ¶ 6. Defendant cites no evidence to support this statement or the statement the public bathroom is the only "ADA accessible" bathroom available at the Courthouse. *Id.*  And as explained above, Cook County, the entity responsible for the physical structure of the 111th Street Courthouse, was unable to answer interrogatories regarding this issue. Accordingly, production of documents regarding physical modifications to the public and staff bathrooms for ADA compliance is proportional and relevant in this case.

## IV.    Conclusion

It is therefore respectfully requested that the Court compel Cook County to address the following discovery:

> a.  Promptly supplement and produce a verification to the interrogatory answers;
>
> b.  Produce a Rule 30(b)(6) designee responsive to the notice attached as Exhibit 8;
>
> c.  Set a deadline for Cook County to produce all documents regarding efforts to renovate the public and security staff bathrooms for ADA compliance at the 111th Street Courthouse as requested in paragraph 16 of plaintiff's first

request for production, *see* Exhibit 14, Cook County

Response to Request to Produce ¶ 16.

Respectfully submitted,

/s/  Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, IL 60643
(773)233-7901
pwm@morrisseylawchicago.com

*an attorney for plaintiff*

## CERTIFICATE OF COMPLIANCE

Under penalty of perjury, the undersigned certifies the following statements are true:

1.      As explained in the body of the motion, plaintiff's counsel has engaged in several phone conferrals with the Cook County's counsel regarding the above descried discovery.

2.      The most recent phone conferral occurred during the morning of July 23, 2021 where ASA Larios agreed to provide a final position about the above referenced discovery. This agreement was memorialized in a status report filed on July 23, 2021, Dkt. 66 at 3-4.

3.      During the week of July 26, 2021, plaintiff's counsel wrote and left one voice mail with ASA Larios regarding the status of the above referenced discovery. In response to plaintiff's communications, ASA Larios wrote an e-mail on July 29, 2021, "I'm sorry that you thought I made you a promise, but I cannot produce document that I don't have." Exhibit 7, ASA Larios e-mail sent 7/29/2021.

4.      Despite numerous conversations and several written exchanges, the parties have not made progress regarding the above identified outstanding discovery.

5.      Despite good faith conferrals, the parties are unable to reach accord.


/s/      Patrick W. Morrissey

-12-