UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN MENDOZA,<br><br>   Plaintiff,<br><br>v.<br><br>THOMAS DART, ET AL.,<br><br>   Defendants. | No. 20 CV 670<br><br>District Judge Bucklo<br><br>Magistrate Judge McShain |

## ORDER

Pending before the Court are three motions to compel filed by plaintiff Steven Mendoza: (1) a motion to compel an inspection of certain areas of the 111th Street Courthouse [57][1]; (2) a motion to compel defendant Cook County to produce discovery [70]; and (3) a motion to compel defendant Thomas Dart, the Sheriff of Cook County, to produce discovery. [73]. The motions are fully briefed. *See* [69, 79, 83, 84]. For the following reasons, the motion to compel an inspection of the 111th Street Courthouse is denied, the motion to compel Cook County to produce discovery is granted in part and denied in part, and the motion to compel Sheriff Dart to produce discovery is granted in part and denied in part.

## Background

This is a disability discrimination case under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and the Rehabilitation Act, 29 U.S.C. § 794(a). In his complaint, plaintiff, a paralyzed man and wheelchair user who was formerly an inmate at the Cook County Jail, alleges that defendants discriminated against him on the basis of his disability. [1] 3. Plaintiff claims that he experienced recurring violations of the ADA and Rehabilitation Act when attending court at the Leighton Criminal Courthouse and the Branch 38 Courthouse, which is also known as the 111th Street Courthouse. [*Id.*] 2. Specifically, plaintiff alleges that he did not have access to an accessible toilet at either courthouse, that he was denied the ability to move to and in court on a basis equal to nondisabled inmates at Branch 38, and that

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings.

both courthouses have physical barriers for wheelchair users because they do not have holding cells designed to accommodate wheelchair users. [*Id.*] 2-3.[2]

## Legal Standard

"In ruling on a motion to compel, the discovery standard set forth in Rule 26(b) applies." *Mendez v. City of Chicago*, 18-cv-6313, 2020 WL 4736399, at \*3 (N.D. Ill. Aug. 14, 2020). Rule 26 "governs the scope of civil discovery and allows parties to obtain discovery regarding any matter that is: (1) nonprivileged; (2) relevant to any party's claim or defense; and (3) proportional to the needs of the case." *Barnes-Staples v. Murphy*, Case No. 20-cv-3627, 2021 WL 1426875, at \*2 (N.D. Ill. Apr. 15, 2021). "In determining the scope of discovery under Rule 26, relevance is construed broadly and is 'not limited to issues raised by the pleadings[.]'" *Id.* (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). At the same time, discovery must be proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## Discussion

### A. Inspection of the 111th Street Courthouse

Plaintiff's first motion seeks an order compelling an inspection of the 111th Street Courthouse by his architect consultant. [57] 1. The motion identifies five areas of the courthouse for inspection. [*Id.*] 4-6; *see also* [57-6] (plaintiff's amended inspection request). As the briefs make clear, Sheriff Dart has agreed to permit an inspection of three of these areas: the path of travel from the wheelchair van to the 111th Street Lockup, the Lockup itself, and the men's public bathroom on the Sheriff's side of the building, which is offered as an accommodation to wheelchair-bound detainees at the courthouse. [69] 1-2. However, the Sheriff objects to permitting an inspection of the staff bathrooms at the courthouse and the portable toilet chair and its storage location at the courthouse. *See* [69] 2-3.

### 1. Staff Bathrooms

To support his request to inspect the staff bathrooms, plaintiff relies on the deposition testimony of Sabrina Rivero-Canchola, the Sheriff's ADA Compliance Officer, and Officer Anthony Sapp. According to plaintiff, Rivero-Canchola testified that the staff bathrooms are made available to inmates upon request, and that the staff bathrooms are relevant to the case because they are an available accommodation

---

[2] Plaintiff voluntarily dismissed his claim relating to toilet and sink access at the Leighton Courthouse. [54, 56].

2

for disabled inmates. [57] 6. Plaintiff also points to Sapp's testimony that one of the bathrooms used by staff has grab bars around the toilet. [57-8] 73:14-74:11.

In his original opposition brief, Dart asserted that the staff bathrooms "are not offered as accommodations to wheelchair-bound inmates" and thus were not relevant to the case. [69] 2. Because defendant did not cite any evidence to support this assertion, the Court ordered defendant to file a supplemental brief that contained citations to the record to support his position. [72]. Dart then filed a supplemental opposition that relied on the testimony of Sergeant Gwendolyn Johnson, the Sheriff's 30(b)(6) witness who was designated to address the accessibility of the bathrooms at the 111th Street Courthouse. [83]. Johnson had inspected the bathrooms available to the Sheriff's courthouse staff multiple times and did so again on the day of her deposition, August 13, 2021. [*Id*.] 2-4. Sergeant Johnson testified that, of the bathrooms available to Sheriff staff, only two–the publicly accessible bathrooms–were ADA-accessible. Johnson further testified that none of the five bathrooms available exclusively to Sheriff staff had grab bars by the toilet. For that reason, Johnson did not consider the five staff-exclusive bathrooms to be ADA accessible. *See* [*id*.]; *see also* [83-1] 85:4-87:20.

Based on Sergeant Johnson's testimony, the Court finds that there is no reasonable basis to inspect the staff bathrooms at the 111th Street Courthouse. Johnson, the Sheriff's Rule 30(b)(6) designee on this issue, testified unequivocally that the bathrooms available exclusively to staff are not ADA-accessible because none have grab bars by the toilets. Furthermore, the testimony of Rivero-Canchola, on which plaintiff based his request, is ambiguous at best on the issue of whether the staff-only bathrooms are ADA-accessible. When Officer Rivero-Canchola was asked if "the Sheriff's Office allows a wheelchair user to use a staff ADA bathroom upon request," she responded, "Possibly. I don't know." [57-9] 44:10. Officer Rivero-Canchola then testified that "the procedure is to take the detainee to a public accessible bathroom if an accessible bathroom in a secured area is not available." [*Id*.] 43:18-21. However, Officer Rivero-Canchola did not testify that any of the staff bathrooms at the 111th Street Courthouse were ADA-accessible. Finally, the Court notes that Officer Sapp testified that (1) he had never brought a wheelchair-assisted inmate to a bathroom designated for Sheriff's employees or to a bathroom in a secure area of the courthouse, (2) he had no knowledge of any other correctional officer doing so, and (3) he had never been trained to provide inmates with access to the staff-only bathrooms. [57-8] 73:14-74:11.

### 2. Portable Toilet Chair

Plaintiff also seeks an inspection of a portable toilet chair kept at the courthouse on the ground that it is an available accommodation for wheelchair users. In support, plaintiff cites Officer Rivero-Canchola's testimony that "around 2014 a portable toilet chair was delivered at the 111th Street Courthouse." [57] 6. Defendant

3

responds that there is no reason to inspect the toilet chair because the chair was not available at the 111th Street Courthouse until August 2021, which post-dates the events underlying plaintiff's claims. [83] 4-5.

After reviewing Officer Rivero-Canchola's testimony, the Court finds that it does not support plaintiff's request. Most importantly, Rivero-Canchola did not have personal knowledge of whether a portable toilet chair was in fact available at the courthouse during the relevant time period. Rivero-Canchola testified that she had never been to the 111th Street Courthouse and thus did not know what the courthouse's "layout is or what's contained in it." [57-9] 28:23-24. Instead, she had been told that "toilet chairs had been dropped off at . . . all courthouses by the previous ADA compliance officer." [57-9] 26:13-17. Finally, the Court notes that Sergeant Johnson testified that the 111th Street Courthouse did not have a portable toilet chair between January 1, 2017 and December 30, 2019, and that the chair was delivered to the courthouse on August 2, 2021. [83] 4-5.

For these reasons, plaintiff's motion to compel an inspection of the staff-only bathrooms and the portable toilet chair at the 111th Street Courthouse is denied. The inspection may proceed as to the areas otherwise agreed-upon by the parties.

### B. Discovery from Cook County

Plaintiff's second motion seeks to compel Cook County to provide (1) a supplemented and verified version of Cook County's interrogatory answers; (2) a Rule 30(b)(6) designee to testify about efforts to renovate the 111th Street Courthouse; and (3) documents regarding ADA renovations to the public and staff bathrooms at the 111th Street Courthouse. *See* [70] 1.

Plaintiff first argues that the County's answers to his interrogatories, which were served on December 30, 2020, are deficient for multiple reasons and also unverified. *See* [70] 2-3. In its response, the County represented that it had drafted and finalized a supplemental response to the interrogatories, and that the County expected to receive the verified response from Eric Davis, Deputy Director of the Cook County Bureau of Asset Management, on August 31, 2021. [84] 1-2. Based on the County's representation, the Court finds that this request is now moot.[3]

Next, plaintiff argues that, notwithstanding several meet-and-confer sessions with the County between June and July 2021, the County has yet to provide a position on plaintiff's request to designate Eric Davis as a Rule 30(b)(6) witness. *See* [70] 4-5. Plaintiff also observes that the County has not made an oral or written objection to designating Davis. [*Id.*] 5. In its opposition brief, the County argues that the topics

---

[3] The Court also observes that plaintiff attached a copy of the County's supplemental, verified responses, dated August 31, 2021, as an exhibit to his motion recent motion to compel. *See* [86-1].

4

on which plaintiff seeks to depose Davis are not proper Rule 30(b)(6) "topics" at all, but in fact questions that the County can more efficiently answer in the form of interrogatories. [84] 2.

The Court overrules the County's objection and will order the County to designate, within fourteen days of the date of this order, a witness to testify on these topics. Rule 30(b)(6) requires only that a notice "describe with reasonable particularity the matters for examination[.]" Fed. R. Civ. P. 30(b)(6). Here, plaintiff's notice provides ample detail concerning the subjects he wishes to question the County about. *See* [70-8] 1-2. While it would be possible for plaintiff to propound interrogatories to the County that mirror his proposed topics, plaintiff has no obligation to do so and can, to the extent counsel deems appropriate, proceed instead with a Rule 30(b)(6) deposition. Moreover, a deposition of a Rule 30(b)(6) designee would permit plaintiff to ask follow-up questions on the spot, which plaintiff could not do if he proceeded only with interrogatories. At bottom, the notice describes the proposed topics with reasonable particularity–and then some–and is thus proper.

Finally, plaintiff argues that information regarding ADA renovations to both staff and public bathrooms at the 111th Street Courthouse is relevant to a central question in this case: whether Plaintiff had access to an ADA-compliant bathroom when he attended court at the 111th Street Courthouse. [70] 9. Defendant responds that these documents have been obtained and were produced to the parties on August 30, 2021. [84] 3. Based on the County's representation, the Court finds that this part of the motion is moot.

For these reasons, plaintiff's motion to compel discovery from Cook County is granted in part and denied in part. The County must designate, within fourteen days of the date of this order, a representative to testify in response to plaintiff's Rule 30(b)(6) notice [70-8].

### C. Discovery from Sheriff Dart

Plaintiff's third motion concerns the production of "business cases," which the motion describes as "an official request by an entity of Cook County government to request funds for a capital improvement." [73] 2. Plaintiff seeks an order compelling Sheriff Dart to (1) produce business cases reflecting requests by the Sheriff to renovate the 111th Street Courthouse and (2) designate a Rule 30(b)(6) witness in response to Topic 3 on plaintiff's amended Rule 30(b)(6) notice. [*Id.*] 1.

### 1. Business Cases

Plaintiff argues that the business cases are needed to establish that the Sheriff knew of the inaccessible conditions at the courthouse, which is a necessary element of his intentional discrimination claim. [*Id.*] 1-2. The Sheriff opposes the motion on

the grounds that the information plaintiff seeks is overbroad and irrelevant; he also argues that complying with the discovery request would impose an undue burden on him. More specifically, the Sheriff observes that plaintiff seeks every business case relating to a proposed renovation of the courthouse, but plaintiff's complaint involves only two alleged ADA violations: the lack of an accessible bathroom and an incident where plaintiff fell out of his wheelchair when Sheriff's employees pushed his wheelchair over grass, rather than a concrete path. [79] 2. The Sheriff also argues that there is no centralized location within his office where business cases are maintained; rather, Cook County itself maintains the records and is the proper defendant to provide this discovery. [*Id.*] 2-3.

The Court agrees with the Sheriff that Cook County is the proper defendant from which to obtain this information and that this request is more appropriately directed toward Cook County. As the Sheriff explains, Sheriff's Office employees who submit business cases submit them to Cook County's Department of Capital Planning and Policy. *See* [79] 3. Moreover, plaintiff's motion to compel directed at the County encompasses some of these documents because it sought "[d]ocuments regarding ADA renovations to the public and staff bathrooms at the 111th Street Courthouse." [70] 1. And, as noted above, the County has since produced these documents to the parties.[4] Furthermore, the Court agrees with the Sheriff that plaintiff has not adequately explained how all business cases concerning any renovation of the courthouse submitted by the Sheriff are relevant and proportional to the needs of the case, given that plaintiff's claims are relatively narrow and concern only one area of the Leighton Courthouse and only the bathrooms at the 111th Street Courthouse.

For these reasons, the motion to compel is denied to the extent it seeks production from the Sheriff of all business cases submitted by Sheriff's Office employees.

## 2. Rule 30(b)(6) Designee

Plaintiff argues that the Sheriff should be compelled to designate a Rule 30(b)(6) designee in response to Topic 3 in his amended Rule 30(b)(6) notice. Topic 3 states: "From January 1, 2015 to present, action taken by the Sheriff's Office to request Cook County to conduct physical modifications of the 111th Street Courthouse to provide accessible toilets and sinks for staff, the public, and the detainees." [73] 5. In support of his request, plaintiff observes that he has obtained a business case submitted by the Sheriff's Office in 2017 concerning ADA-compliant toilets and sinks at the 111th Street Courthouse. [*Id.*] 6; *see also* [73-1]. Plaintiff contends that a deposition of a Sheriff's Office designee is appropriate to discover whether the

---

[4] To the extent that Cook County's production did not include business cases concerning proposed renovations of the bathrooms at the 111th Street Courthouse, plaintiff should seek to obtain this narrower class of business cases from the Sheriff in accordance with Local Rule 37.2 and, if that effort is unsuccessful, he may seek appropriate relief from the Court.

6

Sheriff's Office took "any additional steps to request Cook County to remedy the physical barriers for wheelchair-users[.]" [73]. The Sheriff opposes the motion, contending that the request is duplicative of plaintiff's request for business cases and could more efficiently be addressed by Cook County. [79] 5.

The Court overrules the Sheriff's objection and will require the Sheriff to designate, within fourteen days of the date of this order, a representative to testify on Topic 3. Contrary to the Sheriff's argument, Topic 3 is not duplicative of the request for business cases. The Topic addresses "action taken by the Sheriff's Office to request Cook County to conduct physical modifications" of the courthouse to provide "accessible toilets and sinks[.]" [73-11] 2. Although this Topic does encompass the submission of business cases, it is not limited to the submission of business cases and is broad enough to cover other actions taken by the Sheriff to request the County to make the courthouse's toilets and sinks ADA-accessible. Such efforts would be relevant to show the Sheriff's knowledge of the need for such ADA improvements and are thus discoverable.[5] Finally, depending on what (if any) additional steps may have been taken by the Sheriff to bring this issue to the County's attention, it is not clear that the County's Rule 30(b)(6) designee would be in a position to provide equivalent testimony, and thus the Court does not agree that this discovery would be more efficiently provided by the County's Rule 30(b)(6) designee.

For these reasons, plaintiff's motion to compel Sheriff Dart to produce discovery is granted in part and denied in part.

---

[5] The Court observes that, in his Rule 37.2 correspondence with plaintiff, the Sheriff objected that conducting an investigation to identify an appropriate designee to testify on Topic 3 would be unduly burdensome. [73-7] 3. However, the Sheriff did not raise that objection in his opposition brief. [79] 4-5. In any event, plaintiff has identified one employee and one unit within the Sheriff's Office that appear to be logical starting points in any such investigation. *See* [73] 6.

## Conclusion

For the foregoing reasons, plaintiff's motion to compel an inspection of the 111th Street Courthouse [57] is denied. Plaintiff's motion to compel Cook County to produce discovery [70] is granted in part and denied in part, and the County must designate, within fourteen days of the date of this order, a representative to testify in response to plaintiff's Rule 30(b)(6) notice. Plaintiff's motion to compel Sheriff Dart to produce discovery [73] is granted in part and denied in part. The Sheriff must designate, within fourteen days of the date of this order, a representative to testify in response to Topic 3 in plaintiff's amended Rule 30(b)(6) deposition.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: September 14, 2021**