UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN MENDOZA, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS DART, ET AL., <br><br> Defendants. | No. 20 CV 670 <br><br> District Judge Bucklo <br><br> Magistrate Judge McShain |

**ORDER**

  Pending before the Court is plaintiff Steven Mendoza's motion to compel defendant Cook County to respond to interrogatories [86],[1] which Cook County opposes [90]. For the following reasons, the motion is granted.

  The two interrogatories at issue ask Cook County whether the Branch 38 Courthouse, which the parties also refer to as the 111th Street Courthouse, has ADA-accessible bathrooms for the general public and staff. [86-1] 2. After lodging a relevance objection, Cook County responded as follows to each interrogatory: "Cook County took over the lease of Branch 38 in 2019, and has not conducted a comprehensive examination of all bathrooms to determine ADA accessibility." [*Id.*].

  Plaintiff argues that Cook County's answers are not responsive because they do not state whether Cook County knows whether the public and staff bathrooms are ADA-accessible. [86] 5. Plaintiff also contends that the interrogatories seek relevant information. Because none of the toilets in the prisoner holding cells are ADA-compliant, plaintiff asserts, the Cook County Sheriff's policy requires Sheriff's employees to escort a wheelchair user to the nearest ADA-accessible restroom. [*Id.*] 4; *see also* [86-4] (requiring Sheriff's Office employees to "escort any subject who is unable to use a provided restroom or commode chair to the nearest ADA accessible restroom"). Because evidence produced in discovery has shown that the 111th Street Courthouse did not have a portable toilet chair during the time when plaintiff attended court there, plaintiff argues that "the only accommodation for wheelchair-users to toilet . . . was to transport the detainee to the nearest ADA restroom." [*Id.*]

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings.

5. For that reason, plaintiff maintains, Cook County's knowledge whether the public and staff bathrooms are ADA-accessible is relevant to his ADA claim.

Cook County responds that the interrogatories are not relevant because "[p]laintiff is not a member of the general public, nor is he a staff member," and the interrogatories have nothing to do with "the use of bathrooms by detainees at Branch 38." [90] 2. The County adds that it "stands on" the answer given in response to the interrogatories, which "is verified." [*Id.*].

The Court rejects these arguments and will order Cook County to serve amended responses to Interrogatories 3 and 4 within ten days of the date of this order.

First, the interrogatories seek evidence that is relevant to plaintiff's claims. As explained in the Court's prior order, *see* [94] 2-3, evidence produced during discovery has shown that the Sheriff permits detainees in wheelchairs to use the public bathrooms at the courthouse. Accordingly, whether Cook County knows that this bathroom is or is not ADA-compliant is directly relevant to plaintiff's claim against the County. Furthermore, while discovery has also shown that the staff bathrooms are not made available to wheelchair users, the record before the Court is unclear whether this is because the staff bathrooms are not, in fact, ADA-accessible or because of the concerns–unrelated to ADA-accessibility–that might arise if a detainee were permitted to use the staff bathrooms. Depending on what the evidence shows on that issue, the interrogatory directed to the staff bathrooms may lead to relevant evidence.

Second, the County's answer is non-responsive. Under Fed. R. Civ. P. 33, "[i]t is not the court's duty to determine the accuracy of a response to an interrogatory." *Vukadinovich v. Hanover Cmty. Sch. Corp.*, Cause No. 2:13-cv-144-PPS-PRC, 2014 WL 667830, at *5 (N.D. Ind. Feb. 20, 2014). Rather, "[i]t is the court's duty to determine if the response directly addresses the interrogatory." *Id.* Asked whether the public and staff bathrooms at the Branch 38 courthouse are ADA-accessible, the County did not say yes, no, or it does not know. It instead said that it had not "conducted a comprehensive examination of all bathrooms" to find out. [86-1] 2. This response does not directly address the interrogatory because it does not permit plaintiff to determine what the County knows about the ADA-accessibility of the courthouse bathrooms; all it tells plaintiff is that the County has chosen not to pursue one possible avenue for determining if the bathrooms are ADA-accessible. *Cf. Gorrell v. Sneath*, 292 F.R.D. 629, 637 (E.D. Cal. 2013) (toxicology lab's answer that prisoner's urine samples were "negative" for THC was impermissibly ambiguous response to interrogatory asking lab to "disclose the amount of THC present" in samples because answer did not state whether samples contained no THC or whether samples detected THC at a level lower than a "negative" level as defined by lab's contract with Federal Bureau of Prisons).

## Conclusion

For these reasons, plaintiff's motion to compel Cook County to respond to interrogatories [86] is granted. Cook County shall serve amended responses to Interrogatories 3 and 4 within ten days of the date of this Order.

_____
**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: September 27, 2021**