IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Steven Mendoza, | ) |
| *Plaintiff*, | ) |
| | ) 20-cv-670 |
| -*vs*- | ) |
| | ) Judge Bucklo |
| Thomas Dart, Sheriff of Cook County, and Cook County, Illinois, | ) |
| | ) Magistrate Judge McShain |
| *Defendants*. | ) |

**PLAINTIFF'S MOTION REGARDING SUFFICIENCY OF DEFENDANTS' OBJECTIONS TO REQUEST FOR ADMISSION AND TO COMPEL COOK COUNTY TO RESPOND TO AN INTERROGATORY**

Plaintiff Steven Mendoza, by counsel, moves the Court regarding the sufficiency of defendant Sheriff and Cook County's objection to a request for admission pursuant to Rule 36(a)(6) and to compel Cook County to answer an interrogatory.

Grounds for this motion are as follows:

1. Plaintiff Steven Mendoza is a wheelchair-user and alleges that when he attended court at the Branch 38 Courthouse (also known as the 111th Street Courthouse) he faced discrimination because of physical barriers, including the absence of a holding cell with an accessible toilet. *See* dkt. 1, Complaint ¶¶ 6-8, 11-13.

2. There is evidence that defendants escort a wheelchair-using detainee to the nearest ADA-accessible restroom upon request. Dkt. 96, Order at 1. A photograph of the male ADA-toilet at Branch 38 is below:



3.  There is evidence this stall is not ADA-accessible because it is not wide enough for a wheelchair user to approach and transfer to the toilet.

4.  The 2010 ADA Standards for Accessible Design state "[c]learance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) measured perpendicular from the rear wall." Exhibit 1, Portion of 2010 ADA Standards for Accessible Design § 604.3. A diagram explaining this clearance is below:



Figure 604.3.1
Size of Clearance at Water Closets

*Id.*

## I. The request for admission pertaining to the clearance of the male public toilet

5.    Paragraph 22 of plaintiff's request for admission seeks defendants Sheriff and Cook County to acknowledge the male public toilet at Branch 38 with three grab bars does not have clearance exceeding 40 inches measured perpendicular from the side wall.

6.    The Sheriff provided the following objections to this request:

> 22.    The male public toilet at Police Court South with three grab bars does not have clearance exceeding 40 inches measures perpendicular from the side wall.
>
> **RESPONSE**: Defendant Sheriff Dart objects that there is no evidence or testimony in this case that establishes the matter to be admitted. Furthermore, the matter to be admitted is not a record of fact already known by Plaintiff, and therefore, it is not a proper basis for a request to admit. *See U.S. S.E.C. v. Nutmeg Grp., LLC*, 285 F.R.D. 403, 405 (N.D. Ill. 2012) (stating that Rule 36 "is not a discovery device, but rather creates a procedure for obtaining admissions for the record of facts already known by the party propounding the request").

Exhibit 2, Sheriff's Response to Request for Admission ¶ 22.

7.    Cook County formulated identical objections:

> 22. The male public toilet at Police Court South with three grab bars does not have clearance exceeding 40 inches measures perpendicular from the side wall.
>
> **ANSWER:** Cook County objects to this request for admission on the basis that there is no evidence or testimony in this case that establishes this matter to be admitted. Also, this request for admission is not a record of fact already known by Plaintiff and is therefore an improper request. *See United States SEC v. Nutmeg Group, LLC*, 285 F.R.D. 403, 405 (N.D. Ill. Sept. 21, 2012) ("Federal Rule of Civil Procedure 36 is not a discovery device, but rather creates a procedure for obtaining admissions for the record of facts already known by the party propounding the request.") (citing *Stallings-Daniel v. Northern Trust Co.*, 2002 U.S. Dist. LEXIS 4488 (N.D. Ill. 2002); FEDERAL PRACTICE AND PROCEDURE § 2253 (1994)).

Exhibit 3, Cook County Response to Request for Admission ¶ 22.

8. Paragraph 22 seeks defendants to admit or deny a fact. Defendants have no basis to say this request is improper because "there is no evidence or testimony in this case that established this matter to be admitted." This is a publicly available stall and only toilet defendants contend is ADA compliant for wheelchair-using detainees.

9. Defendants' reliance on *United States SEC v. Nutmeg Group, LLC*, 285 F.R.D. 403, 405 (N.D. Ill. Sept. 21, 2012), is not applicable. In that case, the court explained "[r]equests to admit are proper when they are used to establish facts or the application of law to facts but not to establish legal conclusions." *Id.*

The court sustained objections seeking a party "to admit that it does not know certain information or that it lacks the ability to provide information not found in" a certain report. *Id.* This case does not support defendants' objections.

## II. Cook County's objection to interrogatory 9; the size of the male public water closet

10. Interrogatory 9 references the 2010 ADA Standards for Accessible Design and requests defendant Cook County to provide the size of the clearance for the water closet for the male public bathroom at Brach 38. In response to this interrogatory, defendant Cook County formulates many objections and reused to provide an answer:

-6-

     9.    The 2010 ADA Standards for Accessible Design provides a way to measure clearances around water closets and in toilet compartments. This information is shown below:

[image omitted]

Provide the size of clearance at the water closet for the public bathroom for men at Circuit Court Branch 35/38.

RESPONSE: Cook County objects to this interrogatory as overbroad and unduly burdensome because it seeks records that are irrelevant to the claims at issue because the claims in this case involve events that occurred in November 2019. Cook County also objects that this request exceeds the scope of discovery under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Cook County further objects on the basis that this discovery request is duplicative as Plaintiff's expert has already completed a physical inspection of the bathroom at issue at the 111th

Street Courthouse, including taking the measurements sought again here.

Exhibit 4, Cook County Response to Interrogatory ¶ 9.

    11.    The size of the water closet of relevant to plaintiff's claims because there is evidence the Sheriff permits detainees in wheelchairs to use the public

bathroom. *See* dkt. 96, Order at 2. If the clearance in this stall is too small for a wheelchair-user to transfer and fails to comply with the ADA structural standards, it may show this purported accommodation is unreasonable. *See Lacy v. Cook County*, 897 F.3d 847, 853 (7th Cir. 2018) ("Perhaps the most obvious example of such discrimination is when structural barriers prevent people with disabilities from accessing otherwise available public services.").

12. Moreover, defendant fails to explain how burdensome it would be to provide this measurement. Indeed, there is evidence Cook County already measured and inspected this bathroom; on October 6, 2021, Cook County filed a motion seeking an extension of time to answer an interrogatory because Eric Davis, Cook County's subject matter expert, was set to inspect this bathroom on October 8, 2021. Dkt. 97, Motion for Extension ¶ 4.

13. During a conferral on November 9, 2021, the parties discussed this interrogatory. Defense counsel explained he would not amend this interrogatory answer but conceded that there was no confusion or ambiguity with the information requested. *See* Exhibit 5, P.Morrissey letter sent 11/9/2021.

14. Plaintiff, therefore, requests that the Court overrule defendant's objections to interrogatory 9 and require defendant to provide an answer.

It is therefore respectfully requested that the Court overrule defendants' objections to request for admission 22 and require each defendant to either admit or deny the request and that the Court grant plaintiff's motion to compel Cook County to answer interrogatory 9.

Respectfully submitted,

/s/ Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773)233-7901
pwm@morrisseylawchicago.com

*an attorney for plaintiff*

**CERTIFICATE OF COMPLIANCE**

Under penalty of perjury, the undersigned certifies the following statements are true:

1. After the Court entered its order on November 4, 2021, dkt. 101, plaintiff's counsel sent an e-mail to defense counsel seeking a conferral to resolve issues outlined in status report filed on October 29, 2021. Exhibit 6, P.Morrissey e-mail sent 11/4/2021. The parties scheduled a phone conferral for November 9, 2021.

2. During the November 9, 2021 phone conferral that began at 11:00 am and lasted about 30 minutes, the Sheriff's attorney, Samuel Branum, and the County's attorney, Miguel Larios, explained defendants would not revise the response to paragraph 22 of the request for admission. Defense counsel said the written objections were appropriate and that the objection to either admitting or denying the request was on firm legal grounds. During the conferral, the undersigned explained that the request for admission pertained to a factual element of a public space. Despite discussing this matter, defense counsel was unwilling to amend the response and either admit or deny the request. The undersigned memorialized this portion of the phone conversation in a letter sent on November 9, 2021. Exhibit 5.

3. During the November 9, 2021, phone conferral Cook County's counsel Mr. Larios would not agree to answer interrogatory 9 seeking the measurement of the male public bathroom designated for wheelchair users. Defense counsel explained he would stand on the objections. Defense counsel

explained he was not confused about the information requested in the interrogatory. The undersigned memorialized this portion of the phone conversation in a letter sent November 9, 2021. Exhibit 5.

    4.    Despite a good faith conferral, the parties were unable to reach an accord regarding this discovery.

    /s/    <u>Patrick W. Morrissey</u>