## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| STEVEN MENDOZA, | |
| Plaintiff, | No. 20 C 670 |
| v. | Judge Elaine E. Bucklo |
| THOMAS DART, et al., | Magistrate Judge Heather K. McShain |
| Defendants. | |

### DEFENDANT COOK COUNTY'S OBJECTIONS AND RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant, Cook County ("Cook County"), by its attorney Kimberly M. Foxx, State's Attorney of Cook County, through her Assistant State's Attorney, Miguel E. Larios, and for its Objections and Response to Plaintiff's Second Set of Interrogatories, states as follows:

### INTERROGATORIES

1.      On August 13, 2021, Sergeant Gwendolyn Johnson testified as the Sheriff's Rule 30(b)(6) designee. During a break, Sergeant Johnson said she entered the male and female public bathrooms and observed each bathroom had one toilet that had three grab bars around the toilet. *See* Johnson Dep 83-84. Identify, by month and year, when these grab bars observed by Sgt. Johnson on August 13, 2021 were installed in the male and female public bathroom.

**RESPONSE: Cook County objects to this interrogatory as overbroad and unduly burdensome because it seeks records that are irrelevant to the**

Exhibit 4 Page 1

claims at issue because the claims in this case involve events that occurred in November 2019. Cook County also objects that this request exceeds the scope of discovery under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery has little to no importance in resolving the issues at stake in this case because it seeks information that is not relevant to Plaintiff's claims as alleged in his complaint. The amount in controversy, as admitted by Plaintiff himself, in this case also does not justify obtaining the requested documents from more than four decades ago. Because the burden and expense of producing the documents outweighs any perceived benefit by Plaintiff, the requested discovery is not proportional to the needs of the case herein.

2.      On August 13, 2021, Sgt. Johnson testified the male and female public bathroom each had a toilet with three grab bars. Identify, with reasonable particularity, the documents in possession of defendant that identify when these grab bars were installed.

RESPONSE: Cook County objects to this interrogatory as overbroad and unduly burdensome because it seeks records that are irrelevant to the claims at issue because the claims in this case involve events that occurred

Exhibit 4 Page 2

**in November 2019. Cook County also objects that this request exceeds the scope of discovery under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."**

3.      Plaintiff produced a document pursuant to the Mandatory Initial Discovery Program marked CCSAO Bennett 002284, identifying Circuit Court Branch 35/38 is "Owned" and under "Year Built" it states "1/1/1980."  A portion of this document is below:

[image omitted]

Identify, by month and year, when Cook County first took ownership of Circuit Court Branch 35/38.

**RESPONSE: Cook County objects to this interrogatory as overbroad and unduly burdensome because it seeks records that are irrelevant to the claims at issue because the claims in this case involve events that occurred in November 2019. Cook County also objects that this request exceeds the scope of discovery under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the**

Exhibit 4 Page 3

**discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."**

4.      When Circuit Court Branch 35/38 was built in in 1980, did one stall in the public bathroom for men have at least one grab bar around the toilet?

**RESPONSE: Cook County objects to this interrogatory as overbroad and unduly burdensome because it seeks records that are irrelevant to the claims at issue because the claims in this case involve events that occurred in November 2019. Cook County also objects that this request exceeds the scope of discovery under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Subject to and without waiving its objections, Cook County lacks knowledge as it did not construct the subject building.**

5.      Identify, by year and month, when the male public bathroom at Circuit Court Branch 35/38 had at least one grab bar installed around a toilet.

**RESPONSE: Cook County objects to this interrogatory as overbroad and unduly burdensome because it seeks records that are irrelevant to the claims at issue because the claims in this case involve events that occurred in November 2019. Cook County also objects that this request exceeds the**

Exhibit 4 Page 4

scope of discovery under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

6.    Identify the document, by date and/or title, that identifies the year when the male public bathroom at Circuit Court Branch 35/38 had at least one grab bar installed around the toilet.

**RESPONSE: Cook County objects to this interrogatory as overbroad and unduly burdensome because it seeks records that are irrelevant to the claims at issue because the claims in this case involve events that occurred in November 2019. Cook County also objects that this request exceeds the scope of discovery under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."**

7.    Identify, by month and year, when the male public toilet at Circuit Court Branch 35/38 initially had three grab bars around the toilet.

**RESPONSE: Cook County objects to this interrogatory as overbroad and**

Exhibit 4 Page 5

**unduly burdensome because it seeks records that are irrelevant to the claims at issue because the claims in this case involve events that occurred in November 2019. Cook County also objects that this request exceeds the scope of discovery under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Subject to and without waiving its objections, Cook County lacks knowledge as it did not construct the subject building.**

8.    Identify the document, by date and/or title, that identifies the year when the male public bathroom at Circuit Court Branch 35/38 initially had three grab bars installed around the toilet.

**RESPONSE: Cook County objects to this interrogatory as overbroad and unduly burdensome because it seeks records that are irrelevant to the claims at issue because the claims in this case involve events that occurred in November 2019. Cook County also objects that this request exceeds the scope of discovery under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the**

Exhibit 4 Page 6

**discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Subject to and without waiving its objections, Cook County lacks knowledge as it did not construct the subject building.**

9.     The 2010 ADA Standards for Accessible Design provides a way to measure clearances around water closets  and in  toilet compartments. This information is shown below:

[image omitted]

Provide the size of clearance at the water closet for the public bathroom for men at Circuit Court Branch 35/38.

**RESPONSE: Cook County objects to this interrogatory as overbroad and unduly burdensome because it seeks records that are irrelevant to the claims at issue because the claims in this case involve events that occurred in November 2019. Cook County also objects that this request exceeds the scope of discovery under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Cook County further objects on the basis that this discovery request is duplicative as Plaintiff's expert has already completed a physical inspection of the bathroom at issue at the 111th**

Exhibit 4 Page 7

Street Courthouse, including taking the measurements sought again here.

10.     Plaintiff produced a document from Cook County's FOIA Officer that is titled "Circuit court Branch Courthouse 35/38 – April 20, 2017 Observation Notes 727 E. 111th Street, Chicago, IL Report Date: May 5th, 2017." A portion of this document is shown below:

[image omitted]

Identify, by name and title, each person who attended the walkthrough with STV Heery Team.

**RESPONSE: Cook County objects to this interrogatory on the basis that this request seeks confidential and/or privileged information and further seeks information pertaining to ongoing or contemplated projects, which is specifically protected by the deliberative process privilege.**

Dated: October 19, 2021                    Respectfully submitted,

                                           **KIMBERLY M. FOXX**
                                           State's Attorney of Cook County

                            By:      */s/ Miguel E. Larios*
                                           Miguel E. Larios
                                           Assistant State's Attorney
                                           Conflicts Counsel Unit
                                           Cook County State's Attorney's Office
                                           50 West Washington Street, Suite 2760
                                           Chicago, Illinois 60602
                                           (312) 603-1427
                                           miguel.larios@cookcountyil.gov

                                           *Counsel for Cook County*

Exhibit 4 Page 8

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 19, 2021, he served the foregoing document upon counsels of record in this matter via email.

*/s/ Miguel E. Larios*

Exhibit 4 Page 9