THOMAS G. MORRISSEY, LTD.
ATTORNEY AT LAW
10257 SOUTH WESTERN AVENUE
CHICAGO, ILLINOIS 60643
773-233-7000

THOMAS G. MORRISSEY
TGM@MORRISSEYLAWCHICAGO.COM
PATRICK W. MORRISSEY
PWM@MORRISSEYLAWCHICAGO.COM

**By e-mail**

Miguel Larios, ASA
50 W. Washington, Suite 2769
Chicago, IL 60602

Monica Burkoth
Samuel Branum
Johnson & Bell, Ltd.
33 W. Monroe St. Suite 2700
Chicago, IL 60603

Re: *Mendoza v. Dart,* 20-cv-670

November 9, 2021

Counsel:

I write following our telephone conferral this morning at 11:00 am. We spoke for about 30 minutes about the discovery issues outlined below.

Request for admission

We discussed defendants' response to request for admission paragraph 22. This request pertains to the dimensions of the male public bathroom. Neither defendant agreed to revise the response to this request for admission. Plaintiff's counsel explained that the measurement of the clearance is factual, available to the public, and has been inspected by the parties. Defense counsel, however, said they stand by the objections and that defendants object on a legal basis. Defendants explained they stand on their written objections.

Cook County's response to second set of interrogatories

Defendant Cook County said it will provide a final position by Thursday whether it will answer interrogatory 1 and 2 about when the grab bars were installed in the male public bathroom and identify the documents that show when this was conducted.

Defendant Cook County said it will not answer interrogatory number 9 seeking the size of the water closet in the men's public bathroom. During the conversation, we explained that this information is relevant; the Court previously ordered defendant Cook County to answer an interrogatory whether this bathroom is ADA compliant. We also explained that it is important for plaintiff to understand defendant's position on this factual issue. For example, defendant may disagree with measurements by plaintiff's expert consultant. When we asked whether there was

Exhibit 5 Page 1

any confusion about the interrogatory, defense counsel said he understood what was being asked.

Cook County's response to request for production dated 8/26/2021

Cook County said it will not provide information in response to request to produce paragraph 8, information about who attended the walkthrough on April 30, 2017, because it is confidential and/or protected by the deliberative process privilege. We explained that privilege was not extended in *Murdock v. City of Chicago*, 2021 WL 4523206 at *3 (N.D. Ill. Oct. 4, 2021) and *Walker v. Dart*, 20 C 261, Dkt. 80, Order. We also explained that defendant has not produced any privilege log. You agreed to review these cases and either withdraw this privilege or provide a privilege log. Can you confirm you will make this determination by Thursday?

In response to paragraph 9, we agreed to limit this request to information about ADA modification to the male public bathroom. We explained during this call there should be no safety or security reason to withhold this information because the bathroom is public. You agreed to provide a position by Thursday whether your client will produce responsive documents.

Sheriff's response to request for production dated 8/26/2021

Counsel for the Sheriff agreed to confer with the client to identify whether the office is in possession of documents responsive to paragraph 6 and 9. During the call today, plaintiff's counsel explained the e-mails that have been produced in this case, and referenced in the discovery request, show Sheriff's employees receive responsive information including Sabrina Rivero Canchola, Michael Miller, Alana Collins, Carmen Gercone, and Linda Ribaldo. Defense counsel agreed to provide a position by Thursday whether there is responsive information to be produced and if defendant is not in possession of responsive information, revise the discovery response to indicate the client is not in possession of documents.

Deposition

We discussed Mr. Davis's deposition on either 11/23 or 11/30. Defendant agreed to promptly provide responsive information.

Defense counsel also agreed to provide a date for Bilquis Jacobs-El.

Conclusion

Please contact me in writing if this letter memorialized our phone conferral regarding the above identified topics.

Sincerely,

Patrick W. Morrissey

Exhibit 5 Page 2