**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STEVEN MENDOZA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| -*vs*- | ) | Case No. 20-cv-670 |
| | ) | |
| THOMAS DART, Sheriff of Cook County, | ) | Judge Elaine E. Bucklo |
| and COOK COUNTY, ILLINOIS, | ) | |
| | ) | |
| *Defendants.* | ) | |

## DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION REGARDING SUFFICIENCY OF OBJECTIONS TO REQUEST FOR ADMISSION AND TO COMPEL COOK COUNTY TO RESPOND TO AN INTERROGATORY

Defendant THOMAS DART, Sheriff of Cook County, by and through his attorneys, Johnson & Bell, Ltd., and Defendant COOK COUNTY, ILLINOIS, by and through its attorney Kimberly M. Foxx, State's Attorney of Cook County, through her assistant, Miguel E. Larios, responds jointly to Plaintiff's motion as follows:

**I.** **Plaintiff's Request for Admission Pertaining to Clearance of the Male Public Toilet at Police Court South.**

1.     This Court should deny Plaintiff's motion regarding the sufficiency of Defendants' objections to Paragraph 22 of Plaintiff's Request for Admissions because Paragraph 22 does not seek the admission of a matter already known to Plaintiff. Rather, Paragraph 22 seeks to elicit information not already in the record, and therefore, Plaintiff's request for admission is improper under Rule 36.

2.     "Rule 36 is not a discovery procedure." *Stanek v. St. Charles Comm. Unit Cummings Sch. Dist.*, No. 13 C 3106, 2020 WL 9348204, at *5 (N.D. Ill. Sept. 3, 2020) (quoting *Tamas v. Fam. Video Movie Club, Inc.*, 301 F.R.D. 346, 347 (N.D. Ill. 2014)) (citing *S.E.C. v.*

*Nutmeg Grp., LLC*, 285 F.R.D. 403, 405 (N.D. Ill. 2012) (explaining that Rule 36 does not provide parties with "a discovery device, but rather creates a procedure for obtaining admissions for the record *of facts already known by the party propounding the request*." (emphasis added))).

3.     "Requests for admissions serve different purposes than other modes of discovery, as they are meant to 'obtain[ ] admissions for the record of facts already known by the party propounding the request' rather than to elicit information." *Finnerman v. Daimler Chrysler Corp.*, No. 16-CV-451, 2017 WL 4772736, at *4 (N.D. Ill. Oct. 23, 2017) (quoting *Nutmeg Grp.*, 285 F.R.D. at 405).

4.     "Thus, requests for admission are not designed to uncover evidence but to narrow the issues at trial by identifying matters on which the parties can *agree*." *Stanek*, 2020 WL 9348204, at *5 (emphasis in original) (citing *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987); *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (stating that requests may not "seek information as to fundamental disagreement at the heart of the lawsuit")); *see also* 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure* § 2253, at 324 (3d ed. 2010) ("Rule 36 is not a discovery procedure at all, since it presupposes that the party proceeding under it knows the facts or has the document and merely wishes its opponent to concede their genuineness."); 7 Moore's Federal Practice § 36.02[2] (3d ed. 2000) ("Because Rule 36 was not designed to elicit information, to obtain discovery of the existence of facts, or obtain production of documents, requests for admission should not be used as a method of discovery for those purposes.").

5.     Plaintiff's Request for Admission No. 22 asks Defendants to admit that the "male public toilet at Police Court South with three grab bars does not have clearance exceeding 40 inches measures perpendicular from the side wall." (Pl.'s Mot. ¶¶ 5–7, ECF No. 102.)

6.      However, there is no evidence or testimony in the record that establishes the dimensions of the male public toilet at Police Court South that Defendants can admit or deny.

7.      As such, Plaintiff is not asking Defendants to admit a "matter" in the record but rather, is improperly seeking to elicit information from Defendants through the use of Rule 36. As district courts have held, however, Rule 36 is "not a discovery procedure," *Stanek*, 2020 WL 9348204, at *5, and is not to be used "to elicit information." *Finnerman*, 2017 WL 4772736, at *4.

8.      For these reasons, this Court should deny Plaintiff's motion regarding the sufficiency of Defendants' objections to Paragraph 22 of Plaintiff's Request for Admissions.

## II.     Plaintiff's Interrogatory Pertaining to Clearance of the Male Public Toilet at Police Court South.

9.      This Court should deny Plaintiff's motion regarding Defendant Cook County's objections to Plaintiff's duplicative interrogatory request (number 9) because Plaintiff's expert has already conducted a physical inspection of the bathroom at issue at the 111th Street Courthouse, including taking the measurements sought again here.

10.     Plaintiff's Interrogatory Request No. 9 to Defendant Cook County reads as follows: "The 2010 ADA Standards for Accessible Design provides a way to measure clearances around water closets and in toilet compartments. This information is shown below:

[image omitted]

Provide the size of clearance at the water closet for the public bathroom for men at Circuit Court Branch 35/38."

11.     Pursuant to Rule 26(b)(2)(C), a court may limit discovery if the information "can be obtained from a more convenient or less burdensome source, the requesting party had an opportunity to obtain the information through the normal discovery process, or the information

sought is cumulative or duplicative of other discovery. *Earthy, LLC v. BB&HC, LLC*, No. 16 C 4934, 2017 U.S. Dist. LEXIS 167200 (N.D. Ill. Oct. 10, 2017).

12.     Here, the information sought is duplicative and has already been obtained by Plaintiff himself, as he admits. Plaintiff has not alleged that there is any serious dispute regarding the measurements of the bathroom.

13.     For these reasons, this Court should deny Plaintiff's motion regarding Interrogatory No. 9 directed to Defendant Cook County.


Dated: November 29, 2021                          Respectfully submitted,

                                                  KIMBERLY M. FOXX
                                                  State's Attorney of Cook County

                                                  /s/ *Samuel D. Branum*
                                                  Special Assistant State's Attorney
                                                  Johnson & Bell, Ltd.
                                                  33 W. Monroe, Ste. 2700
                                                  Chicago, Illinois 60603
                                                  (312) 372-0770
                                                  branums@jbltd.com

                                                  *Counsel for Sheriff Dart*



                                                  /s/ *Miguel E. Larios*
                                                  Miguel E. Larios
                                                  Assistant State's Attorney
                                                  Conflicts Counsel Unit
                                                  Cook County State's Attorney's Office
                                                  50 West Washington Street, Suite 2760
                                                  Chicago, Illinois 60602
                                                  (312) 603-1427
                                                  miguel.larios@cookcountyil.gov

                                                  *Counsel for Cook County*