IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Steven Mendoza, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | 20-cv-670 |
| *-vs-* | ) | |
| | ) | Judge Bucklo |
| Thomas Dart, Sheriff of Cook | ) | |
| County, and Cook County, Illinois, | ) | Magistrate Judge McShain |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF'S MOTION TO COMPEL COOK COUNTY TO ANSWER
INTERROGATORIES**

Plaintiff Steven Mendoza, by counsel, moves the Court to compel Cook

County to answer interrogatories pursuant to Rule 37(a)(3)(B)(iii) of the Federal

Rules of Civil Procedure.

Grounds for this motion are as follows:

1.      Plaintiff Steven Mendoza is a wheelchair-user and alleges that

when he attended court at the Branch 38 Courthouse (also known as the 111th

Street Courthouse) he faced discrimination because of physical barriers,

including the absence of a holding cell with an accessible toilet. *See* dkt. 1,

Complaint ¶¶ 6-8, 11-13.

2.      Defendant Sheriff contends that wheelchair users, like plaintiff, are

transported to the male public ADA bathroom upon request because the there

are no accessible toilets in the detention area. *See* Dkt. 96, Order at 1.

3.      The male public ADA bathroom, however, is not accessible for a

wheelchair-user. *See* Exhibit 1, Cook County Second Amended Response to

-1-

Interrogatories served 10/8/2021, ¶ 3 (Acknowledging public bathrooms "are not fully compliant with the ADA, IAC, CBC, or other applicable accessibility code provisions").

4.      A photograph of the male ADA-toilet at Branch 38 is below:



5.      Eric Davis, the County's subject matter expert on ADA compliance, *see* dkt. 97, Cook County's Motion for Additional Time at fn. 1, testified on November 30, 2021 that he did not have personal knowledge when these grab bars were installed, but opined they were installed maybe five or ten years ago, but if they were installed recently, "they weren't done by anybody, you know, that was following the licensing requirements for new grab bars." Exhibit 2, Portion of Davis Dep 34:11-35:5.

6.    Mr. Davis also acknowledged this stall is not a "standard accessible stall" because it is only about three feet wide, rather than five feet wide required for a wheelchair accessible stall. Exhibit 2, Portion of Davis Dep 33:24-34:9.

7.    The 2010 ADA Standards for Accessible Design state "[c]learance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) measured perpendicular from the rear wall." Exhibit 1, Portion of 2010 ADA Standards for Accessible Design § 604.3. A diagram explaining this clearance is below:



**Figure 604.3.1**
**Size of Clearance at Water Closets**

*Id.*

8.    When the grab bars were installed in the male public bathroom is elemental to plaintiff's claims. As the Seventh Circuit explained in *Lacy v. Cook County*, 897 F.3d 847, 868 (7th Cir. 2018), when a public entity makes alterations, it generally must "bring them into compliance with the latest accessibility standards" and "if the alterations are commenced after March 15, 2012, they must comply with the latest accessibility standards: the 2010 ADA Standards for Accessible Design, which incorporate the 2004 ADA Accessibility Guidelines ("ADAAG")."

9.      On August 26, 2021, plaintiff served two interrogatories seeking to understand the year when the grab bars were installed in the public bathrooms and the identification of documents pertaining to the installation of these bars. The interrogatories are below:

1.  On August 13, 2021, Sergeant Gwendolyn Johnson testified as the Sheriff's Rule 30(b)(6) designee. During a break, Sergeant Johnson said she entered the male and female public bathrooms and observed each bathroom had one toilet that had three grab bars around the toilet. *See* Johnson Dep 83-84. Identify, by month and year, when these grab bars observed by Sgt. Johnson on August 13, 2021 were installed in the male and female public bathroom.

2.  On August 13, 2021, Sgt. Johnson testified the male and female public bathroom each had a toilet with three grab bars. Identify, with reasonable particularity, the documents in possession of defendant that identify when these grab bars were installed.

Exhibit 4, Plaintiff's Second Set of Interrogatories, ¶¶ 1-2.

10.     Defendant Cook County formulated nearly identical objections to each interrogatory and refused to provide an answer. Defendant's objections to interrogatory 1 are below:

**RESPONSE:** Cook County objects to this interrogatory as overbroad and unduly burdensome because it seeks records that are irrelevant to the claims at issue because the claims in this case involve events that occurred in November 2019. Cook County also objects that this request exceeds the scope of discovery under Rule 26(b)(1), which requires that the discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery has little to no importance in resolving the issues at stake in this case because it seeks information that is not relevant to Plaintiff's claims as alleged in his complaint. The amount in controversy, as admitted by Plaintiff himself, in this case does not justify obtaining the requested

-4-

documents from more than four decades ago. Because the burden and expense of producing the documents outweighs any perceived benefit by Plaintiff, the requested discovery is not proportional to the needs of the case herein.

Exhibit 5, Cook County's Objection and Response To Plaintiff's Second Set of Interrogatories, ¶ 1.

11.     Plaintiff respectfully requests that the Court overrule these objections. First, plaintiff agreed to narrow the interrogatory to the male public bathroom during a telephone conferral on November 9, 2021. *See* Exhibit 6, P.Morrissey letter dated 11/9/2021.  Defendant provides no context to show how it is too burdensome to answer a concise interrogatory pertaining to the installation of three grab bars in one stall. Second, this interrogatory is also highly relevant; if the grab bars were installed after March 15, 2012, the ADA may have required alterations of this stall to comply with the current accessibility standards. *See Lacy*, 897 F.3d at 868. And the parties know this stall does not comply with the current ADA standards. *See* Exhibit 1, Cook County Second Amended Response to Interrogatories served 10/8/2021, ¶ 3. Third, it is likely the grab bars were installed within the past ten years, based on testimony from Mr. Davis, and thus defendant's representation that to answer this interrogatory would require review of four decades of documents is misplaced.

It is therefore respectfully requested that the Court overrule defendants'
objections to interrogatories one and two and require Cook County to provide an
answer.

Respectfully submitted,

/s/  Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10257 S. Western Ave.
Chicago, IL 60643
(773)233-7901
pwm@morrisseylawchicago.com

*an attorney for plaintiff*

**CERTIFICATE OF COMPLIANCE**

Under penalty of perjury, the undersigned certifies the following statements are true:

1.      On November 9, 2021, counsel for plaintiff and Cook County's counsel, ASA Miguel Larios, had a telephone call for about 30 minutes regarding outstanding discovery matters. On topic was Cook County's response to interrogatories one and two. During the call, Cook County agreed to provide a position by Thursday, November 11, whether amended interrogatory answers would be served. *See* Exhibit 6, P.Morrissey letter dated 11/9/2021.

2.      The same attorneys had another phone conferral on November 23, 2021. Based on this conferral, Cook County's counsel agreed to conduct another investigation to determine whether it would amend the interrogatory answers. Plaintiff then filed an agreed motion on November 30, 2021 to extend discovery for Cook County to consider whether to amend the interrogatory answers. *See* Dkt. 105, Plaintiff's Unopposed Motion to Extend Discovery ¶¶ 1-2. The Court granted this motion and set December 15, 2021 as the deadline to address these matters. Dkt. 106, Minute entry.

3.      On December 13, 2021, the parties had another phone conferral. During this call, ASA Larios said he would stand on the discovery responses at issue in this motion. The undersigned memorialized this conversation in an e-mail sent the same day. *See* Exhibit 7, P.Morrissey e-mail sent 12/13/2021.

4.      Despite a good faith conferral, the parties were unable to reach an accord regarding this discovery.

/s/     <u>Patrick W. Morrissey</u>