UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| STEVEN MENDOZA,<br><br>        Plaintiff,<br><br>    v.<br><br>THOMAS DART, ET AL.,<br><br>        Defendants. | No. 20 CV 670<br><br>District Judge Bucklo<br><br>Magistrate Judge McShain |

**ORDER**

Pending before the Court is plaintiff Steven Mendoza's "Motion Regarding Sufficiency of Defendants' Objections to Request for Admission and to Compel Cook County to Respond to an Interrogatory." [102].[1] The motion is fully briefed. [104]. For the following reasons, the motion is denied.

**A. Request for Admission No. 22**

Plaintiff first argues that defendants Sheriff Thomas Dart and Cook County, Illinois should be compelled to respond to plaintiff's Request for Admission 22, which states "[t]he male public toilet at Police Court South with three grab bars does not have clearance exceeding 40 inches measures [*sic*] perpendicular from the side wall." [102] 3. Both defendants objected to the request on the ground that "there is no evidence or testimony in this case that establishes the matter to be admitted," and that "the matter to be admitted is not a record of fact already known by Plaintiff, and therefore, it is not a proper basis for a request to admit." [*Id.*] 3, 4; *see also* [104] 1-3.

The Court sustains defendants' objection to this request. "[R]equests for admission are not designed to uncover evidence but to narrow the issues at trial by identifying matters on which the parties can agree." *Stanek v. St. Charles Cmty. Unit Cummings Sch. Dist.*, No. 13 C 3106, 2020 WL 9348204, at *5 (N.D. Ill. Sept. 3, 2020). Rule 36, which governs for requests for admission, "creates a procedure for obtaining admissions for the record of facts already known by the party propounding the request." *United States Sec. & Exch. Comm. v. Nutmeg Grp., LLC*, 285 F.R.D. 403, 405 (N.D. Ill. 2012). "Requests for admissions serve different purposes than other

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings.

modes of discovery, as they are meant to obtain admissions for the record of facts already known by the party propounding the request rather than to elicit information." *Finnerman v. Daimler Chrysler Corp.*, No. 16-cv-451, 2017 WL 4772736, at *4 (N.D. Ill. Oct. 23, 2017) (internal quotation marks omitted).

Here, plaintiff's motion cites nothing in the record demonstrating that the matter sought to be admitted in Request for Admission 22–whether the clearance measured from the wall exceeds forty inches–has been established. Rather, plaintiff vaguely suggests that "[t]here is evidence this stall is not ADA-accessible because it is not wide enough for a wheelchair user to approach and transfer to the toilet." [102] 2. Because the Court cannot conclude that evidence or testimony in this case establishes that that toilet at issue "does not have clearance exceeding 40 inches measure[d] perpendicular from the side wall," the Court finds that Request for Admission 22 is an improper attempt to elicit information that defendants properly refused to answer. *See Finnerman*, 2017 WL 4772736, at *4; *Stanek*, 2020 WL 9348204, at *5.

### B. Interrogatory No. 9

Plaintiff next argues that Cook County should be compelled to answer Interrogatory No. 9. [102] 5-6. This interrogatory refers to the 2010 ADA Standards for Accessible Design, which "provide[ ] a way to measure clearances around water closets," and asks defendant to "[p]rovide the size of clearance at the water closet for the public bathroom for men at Circuit Court Branch 35/38." [*Id.*] 6. In its response to this interrogatory, defendant raised multiple objections, including relevance, undue burden, and proportionality. [*Id.*] 6. However, defendant's opposition brief raises only one objection: that the interrogatory is duplicative because "Plaintiff's expert has already conducted a physical inspection of the bathroom at issue at the 111th Street Courthouse, including taking the measurements sought again here." [104] 3.

The Court sustains defendant's objection and denies the motion to compel as to Interrogatory No. 9. Civil Rule 26(b)(2)(C) provides that a court must limit the frequency or extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i). The briefs before the Court establish that (1) plaintiff's expert has already conducted an inspection of the bathroom at issue, *see* [104] 3; and (2) defendant's Rule 30(b)(6) witness was scheduled to inspect this bathroom on October 8, 2021, *see* [102] 7; *see also* [97] 4 (defendant's representation that Eric Davis, Deputy Director of Cook County's Bureau of Asset Management was to inspect this bathroom on October 8, 2021). In these circumstances, the Court finds that requiring defendant to answer this interrogatory would be unreasonably cumulative and duplicative of

information already known by or available to plaintiff. Likewise, plaintiff can very easily obtain this information from his own expert's report.

## Conclusion

Plaintiff's Motion Regarding Sufficiency of Defendants' Objections to Request for Admission and to Compel Cook County to Respond to an Interrogatory [102] is denied.

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: December 20, 2021**