### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **STEVEN MENDOZA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *-vs-* | ) | **Case No. 20-cv-670** |
| | ) | **Consolidated with 21-cv-3727** |
| **THOMAS DART, Sheriff of Cook County,** | ) | |
| **and COOK COUNTY, ILLINOIS,** | ) | **Judge Elaine E. Bucklo** |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

### DEFENDANTS' MOTIONS *IN LIMINE*

NOW COME Defendants, Thomas Dart, Sheriff of Cook County and Cook County, Illinois ("Defendants"), by and through their attorneys, and move this Honorable Court for entry of an order *in limine* as to the following issues:

### 1. MOTION TO BAR ALL NON-PARTY WITNESSES FROM THE COURTROOM FOR OPENING STATEMENTS AND DURING TRIAL TESTIMONY

Defendants respectfully move this Court for an order *in limine* to exclude all witnesses (other than the parties) from the courtroom during the opening statements and testimony of any and all other witnesses. Once a witness has completed testimony and is off the stand, the witness may observe the remainder of the trial.

### 2. MOTION TO BAR UNDISCLOSED WITNESSES AND OPINIONS

Defendants respectfully move this Court to bar Plaintiff from offering any witnesses, opinions, or evidence that have not been previously disclosed as required by Rule 26(a) or seasonably supplemented during discovery as required by Rule 26(e). The exclusion of undisclosed evidence, opinions or witnesses is automatic and mandatory under Fed. R. Civ. P. 37(c)(1) unless the non-disclosure is justified or harmless. *Musser v. Gentiva Health Servs.*, 356

F.3d 751, 758 (7th Cir. 2004). Thus, pursuant to Seventh Circuit precedent and Rule 37(c)(1), Plaintiff must be barred from offering any evidence or opinions or calling any witnesses that were not previously disclosed.

In *Neuros Co., Ltd. v. Kturbo, Inc.,* 2009 U.S. Dist. LEXIS 112000, *14-15 (N.D. Ill. Dec. 2, 2009), the court explained that a party must make its Rule 26 "disclosures at the times and in the sequence that the court orders." Failure to comply with the Court's orders, can result in sanctions under Rule 37:

> The plain language of [Rule 37(c)(1)] discloses two potential failures addressed with two corresponding consequences: One is a failure to provide information, for which the consequence is preclusion from using that information to supply evidence on a motion, at a hearing, or at trial**.** The other is a failure to identify a witness, for which the consequence is preclusion from using that witness to offer evidence on a motion, at a hearing, or at a trial. *Id.* at *15.

This motion to bar includes the witnesses Plaintiff now lists in the draft pretrial order, but who were never disclosed in their Rule 26(a) disclosures: Bilquis Jacobs-El *(may call)*, Officer Joseph De Los Monteros *(may call)*, Anthony Sapp (*will call*) and Sergent Gwendolyn Johnson *(may call),* and to which Defendants have formally objected to. Because Plaintiff never disclosed these witnesses, he should be barred from calling them as witnesses in his case-in-chief. This also includes any exhibits Plaintiff now seeks to use at trial, which were not previously produced, as well as any opinions not previously disclosed by Plaintiff's expert witnesses.

It is anticipated that, in response to this motion, Plaintiff will argue that his failure to follow the rules of discovery is harmless, because some of these witnesses have been deposed already or disclosed by Defendants, however, this argument should fail.

Rule 26(a)(1)(A)(1) requires parties to identify witnesses by name, address, and phone number, and, importantly, to provide the subjects of discoverable information that each identified witness has or may have that the disclosing party may use to support its claims or

defenses. Plaintiff has failed to provide this information for these four witnesses. This failure does not amount to harmless error. Real prejudice will attach should these witnesses be allowed to testify.

By failing to follow Rule 26, which clearly exists for a reason, and then arguing that he should be allowed to call these witnesses anyway, Plaintiff seeks to gain an unfair advantage by placing the burden of discovery entirely on Defendants. In this scenario, Defendants would have to depose every one of the witnesses listed on their own disclosures to make sure that all possible information from each witness is discovered. During these depositions of their own witnesses, Defendants would then have to guess, because Plaintiff has not provided the information required by Rule 26, about which topics Plaintiff could find important and ask the witnesses questions about those topics to prevent unfair surprise at trial. If Defendants guessed wrong, they would still be surprised at trial about various topics, because Plaintiff failed to follow Rule 26 and Defendants failed to guess correctly about possible topics of trial testimony. This is patently unfair, and is clearly not a scenario that should be allowed under the rules of discovery.

As a result, pursuant to Rule 37(c)(1) and *Neuros Co.*, Defendants request that this Court rule *in limine*, to bar Plaintiff from calling any of the previously undisclosed witnesses, as identified in the proposed pre-trial order, or any other witnesses whose identity has not been properly disclosed, from testifying at trial. Defendants also request that any opinions or evidence not previously disclosed or produced by Plaintiff be barred from being introduced at trial.

### 3. MOTION TO BAR MENTION OF SETTLEMENT NEGOTIATIONS OR OFFERS OF COMPROMISE

Defendants respectfully move this Honorable Court for entry of an order *in limine* prohibiting Plaintiff (including his attorney) and all witnesses from testifying, making any

comment or remark, introducing any evidence, or making any argument in the presence of the jury regarding any settlement negotiations or offers of settlement or judgment in this case.

Federal Rule of Evidence 408(a) provides that "[e]vidence of settlements or compromises is not admissible to prove the validity of a disputed claim." *FDIC v. Chi. Title Ins. Co.*, No. 12-cv-05198, 2017 U.S. Dist. LEXIS 132852, at *20 (N.D. Ill. Aug. 21, 2017) (citing Fed R. Evid. 408(a)).

In this case, the parties have participated in negotiations in an effort to reach a settlement of this lawsuit. It is feasible that further settlement negotiations will take place among the parties subsequent to the filing of the instant motion and before the jury reaches a verdict. Any mention of any such negotiations or offers of settlement should be excluded on the basis that such evidence or argument would be irrelevant, immaterial, and prejudicial. Such evidence is prohibited under the Federal Rules of Evidence 408.

Rule 408 is grounded on a policy of encouraging settlement of disputed claims without litigation. *In re General Motors Corp. Engine Interchange Litigation*, 594 F2d 1106, 1124 (7th Cir. 1979). The failure to provide such protections as outlined in Rule 408 would have a chilling effect on settlement and the resolution of future lawsuits. Therefore, Plaintiff's counsel should be barred from referencing any settlement discussions in this case, prior settlements in other cases, settlement amounts, or should this occur, the fact that a settlement was reached by the parties as to one or more of Plaintiff's claims.

### 4. MOTION TO BAR TESTIMONY, EVIDENCE, OR ARGUMENT REFERRING TO THE ISSUE OF INSURANCE

Defendants respectfully move this Court for entry of an order *in limine* prohibiting Plaintiff (including his attorney) and all witnesses, from presenting any testimony or argument or otherwise referring to the issue of insurance and/or in any way mentioning that any defendant may be insured,

self-insured, or able to satisfy a judgment. Whether Defendants had or were covered under a liability insurance policy that may cover any damages for which the trier of fact determines they may be liable to Plaintiff is irrelevant and immaterial to any issue presently before the Court.

Federal Rule of Evidence 411 provides that "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411; *see also King v. Harrington*, 447 F.3d 531, 533 (7th Cir. 2006) (citing Fed. R. Evid. 411) (evidence of liability insurance is generally inadmissible). Therefore, any evidence tending to show that either Defendant here is insured, self-insured, or otherwise able to satisfy a judgment is irrelevant to the issues presented by Plaintiff's lawsuit, and the introduction of such evidence would be unduly prejudicial to Defendants.

### 5. MOTION TO BAR TESTIMONY, EVIDENCE, OR ARGUMENT REGARDING DELAY IN BRINGING CASE TO TRIAL

Defendants respectfully move for this Court to prohibit Plaintiff, his attorneys, and any witnesses called by Plaintiff, from making any statements, remarks, or arguments that Defendants, or any particular Defendant, delayed the trial or that Plaintiff has waited a long time for his day in court, or other like statements.

There is no evidence that any Defendant engaged in any pre-trial conduct that was designed to or had the effect of unreasonably delaying the trial. Moreover, the fact that Plaintiff may have been waiting a long time for trial is completely irrelevant to any issue in this case. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence *and* the fact is of consequence to the determination of the action. Fed. R. Evid. 401 (emphasis added). Irrelevant evidence is not admissible. Fed. R. Evid. 402. Even relevant evidence

5

may be excluded if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. The length of time between the date of the occurrence and the start of trial is of no consequence to the determination of Plaintiff's causes of action, and the probative value of any such evidence would be substantially outweighed by a danger of unfair prejudice to Defendants, confusing the issues, and misleading the jury. Accordingly, all evidence or argument in this regard, other than the fact of the date of the occurrence, should be barred.

6. **MOTION TO BAR TESTIMONY, EVIDENCE, OR ARGUMENT REGARDING EMPLOYEE MISCONDUCT OR A VIOLATION OF ANY OF DEFENDANTS' POLICIES, PRACTICES, PROCEDURES, RULES, OR OTHER STANDARDS**

Defendants respectfully move the Court *in limine* to bar Plaintiff from offering evidence or testimony of employee misconduct or that any of Defendants' policies, practices, procedures, rules, or other standards were violated. It is anticipated that Plaintiff will attempt to introduce evidence that in certain instances Sheriff Dart, Cook County, or one of its employees were in violation of their own policies or practices.

Evidence relating to a violation of internal policies or practices is improper because "a government entity's failure to follow its own internal practices does not create an enforceable legal duty under the ADA." *Williams v. Chi. Transit Auth.*, No. 16 C 9072, 2018 U.S. Dist. LEXIS 103808, at *6 (N.D. Ill. June 21, 2018) (citing *McNelis v. Pa. Power & Light Co.*, 867 F.3d 411, 418 (3d Cir. 2017) ("Absent proof of discrimination as defined by the ADA, an employer's failure to follow its own internal policies does not in itself constitute a violation of the ADA." (internal quotation marks omitted)). In addition, evidence of employee misconduct is irrelevant because there are no claims against individual employees. *See Ratliff v. City of Chicago*, No. 10 CV 739,

2012 U.S. Dist. LEXIS 164500, at *10 (N.D. Ill. Nov. 19, 2012) (stating that a plaintiff "may not insinuate that any non [d]efendant officers committed misconduct, since there are no claims against any such officers").

Permitting Plaintiff to present evidence or suggest to the jury that Defendants' employees may have breached some obligation they had to their employer through an alleged rules violation would be overwhelmingly prejudicial to Defendants in the defense of this matter. A jury would be unable to separate the purported rules violation, for which Plaintiff has no claim, from the alleged ADA claim on which the jury is deciding liability and damages. There is a clear risk that a juror presented with evidence of a rules violation would assume, in spite of any instructions to the contrary, that an ADA violation had occurred. The jury's inevitable confusion would only serve to obscure the central issues in this case. Fed. R. Evid. 403. Thus, Plaintiff should not be permitted to interject the possibility of rules violations into these proceedings. Accordingly, Plaintiff's counsel and any of Plaintiff's witnesses should be barred from referencing any purported violation of any of Defendants' policies, practices, procedures, rules, or other standards. *See* Fed. R. Evid. 401, 402 and 403.

**7. MOTION TO BAR TESTIMONY, EVIDENCE, OR ARGUMENT REGARDING IMPROPER TRAINING OR FAILURE TO TRAIN AS IT RELATES TO INTERACTING WITH INDIVIDUALS WITH DISABILITIES**

Defendants move to bar Plaintiff from arguing or eliciting testimony as to how Cook County or the Cook County Sheriff's Office trains, supervises, disciplines, monitors, or controls its employees. This evidence should be barred because there are no *Monell* claims in this case and because evidence of improper training or a failure to train is irrelevant under Title II of the Americans with Disabilities Act (ADA). *See Paine v. City of Chicago*, No. 06 C 3173, 2009 U.S. Dist. LEXIS 145347, at *11 (N.D. Ill. May 21, 2009). "ADA claims arising under Title II alleging

a failure to train are not cognizable under the ADA's plain language." *Id.* "Under the ADA's plain language, a violation occurs at the point in time that a public entity denies a disabled individual the benefits of a service, program or activity." *Id.* at *10 (citing 42 U.S.C. § 12132). "However, a failure to train officers does not exclude an individual from the benefits of a service, program, or activity; the exclusion, if any, occurs at a later time. At the time that the officers received allegedly inadequate training, no exclusion occurred." *Id.* at 10–11. "Without an exclusion, there cannot be a violation of Title II of the ADA." *Id.* at 11; *see also Buchanan v. Maine*, 469 F.3d 158, 177 (1st Cir. 2006) (stating that an allegation of improper training "does not present a viable claim that [a plaintiff] was 'denied the benefits of the services . . . of a public entity' by reason of his mental illness, as required under 42 U.S.C. § 12132").

Evidence on how Cook County or the Cook County Sheriff's Office trains, supervises, disciplines, monitors, or controls its employees will create juror confusion and will serve only to distract the jury from its task, which is to evaluate the incidents in question to determine whether Defendants discriminated against Plaintiff in violation of the ADA.

For these reasons, this type of evidence should be barred because it is irrelevant to the issues in this case, *see* Federal Rules of Evidence 401 and 402, and because it is highly prejudicial and likely to confuse the jury, *see* Federal Rule of Evidence 403.

8. **MOTION TO BAR TESTIMONY, EVIDENCE, OR ARGUMENT, INCLUDING BUT NOT LIMITED TO CIVILIAN COMPLAINTS, LAWSUITS, EMPLOYEE OR OTHER DISCIPLINARY PROCEEDINGS, OPR INVESTIGATIONS AGAINST ANY TESTIFYING EMPLOYEE OF THE COOK COUNTY SHERIFF'S OFFICE**

Defendants respectfully seek to bar Plaintiff under Federal Rule of Evidence 404(b) from introducing testimony related to prior instances of alleged misconduct by any employee of the Cook County Sheriff's Department. Additionally, such evidence or testimony is irrelevant,

immaterial, hearsay, and any probative value it may have is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Fed. R. Evid. 403.

In this case, Plaintiff has indicated that he will call Officer John Luckett, a non-party employee of the Sheriff's Office, as a witness in his case-in-chief. Officer Luckett is the correctional officer that was assisting Plaintiff out of the 111th Street Courthouse on the day that Plaintiff alleges to have fallen out of his wheelchair. During the discovery phase of this case, Plaintiff produced a number of OPR files wherein Officer Luckett was investigated, and at times disciplined, by his employer for incidents unrelated to the instant case such as: excessive force, failing to swipe in, failing to conduct a security check and failing to report damage to a bus, among others. Allowing Plaintiff to question Officer Luckett as to any of these prior allegations of misconduct would not only distract and mislead the jurors from focusing on the material issues in the case, but it is also improper character propensity evidence. Such evidence is admissible "only when its admission is supported by some propensity-free chain of reasoning. *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014) (en banc). Since Plaintiff will be unable to meet the high standard for admission of such extrinsic evidence, and because the allegations and subsequent investigations are highly inflammatory and prejudicial to Defendants, this evidence should be barred in its entirety.

### 9. MOTION TO BAR TESTIMONY, EVIDENCE, OR ARGUMENT CRITICAL OF ANY ASPECT OF THE GRIEVANCE PROCESS IN THIS CASE

Defendants respectfully move this Court for entry of an order *in limine* prohibiting Plaintiff (including his attorney) and all witnesses, from presenting any testimony or argument critical of any aspect of the Cook County Jail's grievance process. In this matter, Plaintiff filed grievances that were investigated and responses were issued by the Sheriff's Office. Defendants anticipate that Plaintiff's counsel will attempt to attack these responses with the hope that the jury will focus

their attention on the adequacy of the investigation rather than the issues relating to the ADA and Rehabilitation Act. The issue in this case is whether Defendants violated Plaintiff's rights under the ADA and the Rehabilitation Act, not whether a statute, rule, general order, policy, or procedure of Defendants might have been violated. *See* Seventh Circuit Pattern Civil Jury Instruction 4.07 (2017).

Any argument, evidence, or testimony relating to the adequacy of the Sheriff's investigation of Plaintiff's grievances must be barred for two separate and independent reasons. First, any alleged inadequate Sheriff's investigation could never be the proximate cause of the injury. In order to be actionable, a defendant's actions must be the proximate cause of the injury. Here, any improper investigation by the Sheriff could never be the proximate cause of Plaintiff's injuries since the alleged injuries occurred ***before*** any investigation could have occurred. Second, under Federal Rule of Evidence 403, a court may exclude relevant evidence if its probative value is substantially outweighed by, among other things, by the danger of unfair prejudice. Fed. R. Evid. 403. Here, there is a substantial risk of confusion if the jury reviews information from the Sheriff regarding the events in this case after they occurred, and there is simply no probative value to the adequacy of the Sheriff's investigation. For the reasons outlined above, allowing evidence critical of the Sheriff's Office's response to Plaintiff's grievances would be irrelevant and unfairly prejudicial to Defendants and should be excluded.

## 10. MOTION TO BAR TESTIMONY, EVIDENCE, OR ARGUMENT THAT THE JURY SHOULD PUNISH COOK COUNTY, THE COOK COUNTY SHERIFF OR THE COOK COUNTY SHERIFF'S OFFICE

Defendants move for an order *in limine* barring any argument or inference that the jury should send a message, or that the jury should punish Cook County, the Cook County Sheriff or the Cook County Sheriff's Department with its verdict. As a matter of law, Plaintiff cannot recover punitive

damages from Cook County, the Cook County Sheriff or the Cook County Sheriff's Department as a result of this occurrence. *See* 745 ILCS 10/2-102 ("a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against if by the injured party . . . no public official is liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official capacity . . . by an injured party"). Sending a message, or punishment, cannot form the basis for any damages, other than punitive damages. Accordingly, Plaintiff should not be permitted to imply to the jury that punishment can serve as a legitimate basis for an award against Cook County, the Cook County Sheriff or the Cook County Sheriff's Department.

### 11. MOTION TO BAR LAY WITNESS TESTIMONY REGARDING PLAINTIFF'S MEDICAL CONDITIONS, CAUSATION, DIAGNOSES OR PROGNOSES

Defendants move to bar Plaintiff and Plaintiff's lay witnesses from testifying as to any medical conditions, causation, diagnoses or prognoses that Plaintiff claims resulted from the incidents at issue here. Plaintiff is not competent to offer testimony regarding any purported physical injuries he may have suffered as a result of this incident aside from testifying about his subjective symptoms (e.g., "pain"). As a lay witness, Plaintiff lacks the knowledge, skill, experience, training, and education that would qualify him to testify about the nature of any underlying medical condition, its cause, or its permanence as a result of the incident. Because such testimony may only be offered by a properly-disclosed expert witness, Plaintiff and his lay witnesses should be barred from testifying about these issues. Fed. R. Evid. 701 and 702.

Under Rule 701, lay witness testimony in the form of opinions or inferences "is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful clear understanding of the witness' testimony or determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule

702." FED. R. EVID. 701. Because a determination as to the extent of Plaintiff's alleged long-term or continuing injury relies on specialized scientific knowledge, Plaintiff's uninformed opinions, speculation, or lay accounts regarding permanent injuries or necessary future medical treatment should be barred pursuant to Rule 701. Plaintiff has not disclosed any medical expert, and his uninformed opinions or lay accounts regarding his medical treatment or condition should be barred pursuant to Federal Rule of Evidence 701.

Furthermore, Rule 702 clarifies that a non-expert is not permitted to give opinion testimony. FED. R. EVID. 702. Plaintiff does not meet the two admissibility requirements for expert testimony outlined by the Seventh Circuit. First, he is not a qualified expert, and second, Plaintiff's knowledge of his physical condition does not consist of specialized knowledge that would be helpful or essential to the trier of fact in deciding the case properly. *U.S. v. Lanzotti*, 205 F.3d 951, 956 (7th Cir. 2000). Plaintiff is thus not competent to testify regarding any future physical condition or whether Plaintiff has permanent injuries that were caused by the incidents here. Moreover, Plaintiff has not disclosed any witnesses that are competent to testify about any of these categories of damages. This Court should therefore bar Plaintiff from introducing any testimony or argument about an alleged permanent injury, whether Plaintiff will experience future medical problems, or will require future medical treatment.

## 12. MOTION TO BAR TESTIMONY, EVIDENCE, OR ARGUMENT THAT DEFENDANTS DELAYED MEDICAL CARE OR THAT THEY FAILED TO PROVIDE HIM ADEQUATE MEDICAL CARE

Defendants anticipate that Plaintiff may testify and argue that Defendants, either failed to timely provide medical attention to him, or provided him with inadequate medical care after he fell from his wheelchair at the 111th Street Courthouse on November 22, 2019. Plaintiff should be barred from eliciting such evidence pursuant to Fed. R. Evid. 401 and 403. During his

deposition, Plaintiff testified as follows:

Q:  Did you make a medical request after you fell?

A:  Yes. I made a medical request to see a doctor.

Q:  Did you see someone at Cermak or Stroger?

A:  They didn't see me till about two weeks after the incident.

(Deposition of Steven Mendoza at p. 39:7-13)

Q:  And what treatment did the doctor provide, if any?

A:  He just seen me and said – I asked for an X-ray, and he said that he would put me in for an X-ray, but that never happened.

(Deposition of Steven Mendoza at p. 40:18-22)

Plaintiff has not brought a claim for failure to provide medical care in this case.  Therefore, pursuant to Fed. R. Evid. 401, any evidence or argument about delayed or absent care is irrelevant and should be barred.  Additionally, should such evidence be admitted, there is a risk, pursuant to Fed. R. Evid. 403, that a jury would improperly compensate Plaintiff for such injuries in which Defendants are not responsible.  For these reasons, any such evidence or argument related to delayed or inadequate medical care should be barred in its entirety.

### 13. MOTION TO BAR SPEAKING TO MEDIA, POSTING ON INTERNET, OR COMMUNICATING THROUGH SOCIAL MEDIA ABOUT THIS CASE PRIOR TO AND DURING PENDENCY OF TRIAL

Defendants respectfully move this Court for entry of an order *in limine* prohibiting Plaintiff (including his attorneys) from speaking to the media, posting on the Internet, or communicating through social media as it relates to this case prior to and during the pendency of the trial.

Any information or statements Plaintiff would make to the media, on the Internet, or on social media would be prejudicial to Defendants, could possibly influence the jury, would diminish

the jury pool of possible unbiased jurors, and would violate Defendants' right to a fair trial. *See Wilson v. Groaning*, 25 F.3d 581, 584 (7th Cir. 1994) (stating that civil litigants are entitled to a fair trial); *see also Caldwell v. City of Chicago*, No. 08 C 3067, 2010 U.S. Dist. LEXIS 7121, at *7 (N.D. Ill. Jan. 28, 2010) (barring counsel from creating adverse trial publicity against Defendants by speaking to the media).

The Illinois Rules of Professional Conduct state that:

> A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and would pose a serious and imminent threat to the fairness of an adjudicative proceeding in the matter.

Ill. R. Prof. Conduct 3.6. The comments to the rule also state that "[p]reserving the right to a fair trial necessarily entails some curtailment of the information that may be disseminated about a party prior to trial, particularly where trial by jury is involved." *Id.* This Court has the authority to bar Plaintiff and his attorneys from using social media prior to and during the pendency of the trial. *See Gannon v. Menard, Inc.*, No. 1:18-cv-00251-JMS-MJD, 2019 U.S. Dist. LEXIS 241340, at *2 (S.D. Ind. Aug. 26, 2019).

Defendants ask this Honorable Court to preclude Plaintiff (including his attorneys) from speaking to the media, posting on the Internet, communicating through social media, or disseminating any information which would bias the jury panel against Defendants and violate their right to a fair trial. Comments and implied references of this kind have no probative value, are irrelevant to the issues presented, and are highly prejudicial. Therefore, any such evidence should be excluded. Fed. R. Evid. 401, 402, and 403.

## 14. MOTION TO BAR TESTIMONY, EVIDENCE, OR ARGUMENT REFERRING TO INDEMNIFICATION BY COOK COUNTY

Defendants respectfully move this Court for an order *in limine* barring any references to whether Defendant Sheriff Dart may be indemnified by Cook County for any compensatory damages returned against him. *See* Fed R. Evid. 411. Indemnification is not relevant to the issue of whether Defendant Sheriff Dart is liable for any acts that they may have performed which proximately caused injury to Plaintiff. Moreover, other courts addressing this issue have excluded evidence of a local government's duty to indemnify under Section 9-102 in constitutional tort claims. *See, e.g., Townsend v. Benya,* 287 F.Supp.2d 868, 874 (N.D. Ill. 2003) (Denlow, J.); *Saunders v. City of Chicago,* 320 F.Supp.2d 735, 738 (N.D. Ill. 2004) (Bucklo, J.).

Federal Rule of Evidence 411 provides in pertinent part that "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." Fed. R. Evid. 411. While Rule 411 does not refer to indemnification, federal courts in the Northern District of Illinois have held that a local government's duty to indemnify is analogous to an insurance company's duty to provide coverage. *Townsend,* 287 F. Supp.2d at 874; *Saunders,* 320 F. Supp.2d at 738. Accordingly, all such references to indemnification should be barred. *See id.;* Fed R. Evid. 402, 403.

## 15. MOTION TO BAR PLAINTIFF FROM TREATING EVERY COOK COUNTY OR COOK COUNTY SHERIFF'S OFFICE EMPLOYEE AS AN ADVERSE WITNESS

This Court should bar Plaintiff's counsel from treating every employee of the Cook County Sheriff's Office or Cook County as hostile witnesses pursuant to Federal Rule of Evidence 611(c). In the pretrial order, Plaintiff has identified a number of County and Sheriff witnesses in his will call and may call witness lists. Plaintiff should not be allowed to lead any of these witnesses

without first making a showing that they clearly qualify as "witness(es) identified with an adverse party" for purposes of Rule 611(c).

Rule of Evidence 611(c) states that leading questions should not normally be used on direct examination, except "[w]hen a party calls a hostile witness, an adverse party, or a witness identified with an adverse party." *See Ellis v. City of Chicago,* 667 F.2d 606, 613 (7th Cir. 1981) (explaining leading questions "are generally undesirable on direct examination" and "usually permissible on cross-examination"). Plaintiff should not be allowed to treat these witnesses as adverse witnesses unless he can first establish that the witnesses were: (1) employees of Cook County and/or Cook County Sheriff's Office at all times during the litigation and (2) present during the portions of the incident which give rise to this lawsuit. *Id.* "The determination to proceed under Rule 611(c) is wholly within the district court's discretion." *Riverside Ins. Co. v. Smith,* 628 F.2d 1002, 1009 (7th Cir. 1980).

Defendants anticipate that Plaintiff will seek to treat every Cook County or Cook County Sheriff's Office employee witness as adverse simply because her or she is an employee of Cook County and/or the Sheriff's Office. Defendants request that this Court exercise its sound discretion in prohibiting Plaintiff from doing so until he makes a factual showing to the Court that the witness is indeed hostile under Fed. R. Evid. 611 and pursuant to *Ellis.*

## 16. MOTION TO BAR TESTIMONY, EVIDENCE, OR ARGUMENT REGARDING THE FACT THAT DEFENDANTS RETAINED OUTSIDE COUNSEL OR REFERRING TO DEFENSE COUNSEL AS "STATE'S ATTORNEYS"

Defendants are represented by outside counsel and the State's Attorney's Office. Plaintiff may attempt to use this fact in arguing his case against Defendants. It could be used to argue that Plaintiff is "not playing on a level playing field" and that Defendants have an unfair advantage that the jury should take into account. Plaintiff may also argue that Defendants need outside counsel

because their case is weak. These arguments are not relevant. Plaintiff should not be permitted to refer to the fact that Defendants retained outside counsel and the State's Attorney's Office to represent them in this case. As such, Defendants move to bar any argument or comment that Defendants are represented by outside counsel or the State's Attorney's Office.

Defendants further move to bar any references to Defendants' attorneys as "Assistant State's Attorneys"; "Special Assistant State's Attorneys"; "County Lawyers"; "County"; "State"; or "Government." All such references must be barred. The clear purpose of such references will be to place in the jury's mind the inference that Defendants have "deep pockets" and are able to retain a team of dedicated lawyers to defend against lawsuits. Such an inference would be highly prejudicial in that the jury may award money to Plaintiff regardless of the facts.

Defendants also seek to bar any references to Defendants' financial status or the relative wealth of Defendants in contrast to the relative poverty of Plaintiff for the purpose of invoking the jury's sympathy by conjuring a David versus Goliath scenario. *See Stephen v. Home Depot U.S.A.*, No. 18 C 130, 2021 U.S. Dist. LEXIS 208767, at *19–20 (N.D. Ill. Oct. 6, 2021) (granting motion to bar references to defendants' financial condition because it would be prejudicial); *see also Adams Labs., Inc. v. Jacobs Eng'g Co.*, 761 F.2d 1218, 1226 (7th Cir. 1985) ("Courts have held that appealing to the sympathy of jurors through references to the relative wealth of the defendants in contrast to the relative poverty of the plaintiffs is improper and may be cause for reversal.") (citation omitted); *Wielgus v. Ryobi Techs., Inc.*, No. 08 CV 1597, 2012 U.S. Dist. LEXIS 70079, 2012 WL 1853090, at *6 (N.D. Ill. May 21, 2012) ("[A]bsent a request for punitive damages, evidence of financial status is generally not relevant at the liability stage. Moreover, the danger of its probative value being outweighed by its unfairly prejudicial impact is particularly high where

a plaintiff references a defendant's financial status for the purpose of invoking the jury's sympathy by conjuring a David versus Goliath scenario." (citations omitted)).

Defendants also seek to bar any reference to the number of attorneys who represent Defendants in this case. Such evidence is irrelevant to the issues in this case pursuant to Fed. R. Evid. 401. *See Burke v. Burlington N. & Santa Fe Ry. Co.*, No. 12-1161, 2015 U.S. Dist. LEXIS 196304, at *3 (C.D. Ill. May 26, 2015); *see also Dinsay v. Rn Staff Inc.*, No. 1:19-cv-00907-TWP-DML, 2021 U.S. Dist. LEXIS 119939, at *13–14 (S.D. Ind. June 28, 2021) (barring references to the number of attorneys because such references are clearly irrelevant and unfairly prejudicial).

## 17. MOTION TO BAR TESTIMONY, EVIDENCE, OR ARGUMENT REGARDING PREVIOUS LITIGATION RELATED TO THE COOK COUNTY JAIL

Defendants move this Court for an order *in limine* barring Plaintiff from offering any testimony, evidence, allegations, claims, incidents or argument regarding any other former or pending claims or lawsuits in the Northern District of Illinois alleging general civil rights violations, and alleging a violation of the ADA or Rehabilitation Act by Cook County employees, Sheriff's officers, or employees of the Cook County Sheriff and/or Cook County. Defendants further move to bar any testimony, evidence, allegations, claims, incidents or argument of alleged incidents involving misconduct by Defendants and/or Defendants' employees, including but not limited to, allegations related to Defendants' refusal to provide ADA-related accommodations.

Defendants' motion should be granted because any reference to such testimony, evidence, allegations, claims, incidents or argument would serve only to unfairly interject collateral matters and inflame the passions of the jury against Defendants. Testimony, evidence, allegations, claims, incidents or argument brought from other unrelated cases are wholly inconsequential and in no way relevant to the damages Plaintiff allegedly incurred here. *See* Fed. R. Evid. 401. This is especially true because Plaintiff does not assert a *Monell* claim in this instant lawsuit.

18

Likewise, unrelated testimony, evidence, allegations, claims, incidents or argument are not probative of any of the issues in this case, and any arguable probative value would he substantially outweighed by its prejudicial effect. *See Brennan v. Paul Revere Life Insur. Co*., Case No. 00 C 0725, 2002 WL 1234385, at *2, 5 (N.D. Ill. June 10, 2002). Evidence is unfairly prejudicial if it will "induce the jury to decide the case on an improper basis rather than on the evidence presented." *United States v. Miles*, 207 F.3d 988, 992 (7th Cir. 2000). Testimony, evidence, allegations, claims, incidents or argument about unrelated lawsuits would be inflammatory and undoubtedly prejudice the jury against Defendants. *See Schmidt v. Klinman*, No. 05 C 2134, 2005 U.S. Dist. LEXIS 31206, at *26 (N.D. Ill. Dec. 2, 2005) (granting motions *in limine* to bar evidence of prior or pending lawsuits). In addition, interjecting claims from other cases would lead to undue delay as the parties would be forced to relitigate these collateral issues from previous or ongoing litigations. Therefore, Defendants request that this Court bar Plaintiff from offering any testimony, evidence, allegations, claims, incidents or argument regarding any other former or pending claims, allegations and/or lawsuits.

### 18. MOTION TO BAR TESTIMONY, EVIDENCE, OR ARGUMENT REGARDING CONDITIONS AT THE JAIL OR COURTHOUSES

Defendants anticipate that Plaintiff will testify to alleged poor conditions at the jail or the courthouses. Such testimony is wholly irrelevant and not probative of any fact at issue in this case. Testimony regarding conditions at the jail or courthouses is entirely irrelevant to whether Plaintiff was discriminated against because of his alleged disability. Fed. R. Evid. 401. Moreover, any evidence of alleged poor conditions has no probative value and is highly inflammatory and prejudicial. Fed. R. Evid. 403. Defendants ask that this Court eliminate any opportunity to improperly inflame the passions of the jury by precluding Plaintiff from introducing any prejudicial material, including but not limited to photographs taken inside the facilities in question,

regarding poor conditions at the jail or the courthouses. Moreover, evidence of poor conditions at the jail or the courthouses would serve to confuse the jury and would result in a mini trial within the trial at bar. The cumulative collateral effect would result in undue prejudice and serve to lengthen the trial. *Id.*

### 19. MOTION *IN LIMINE* TO ADMIT EVIDENCE OF PLAINTIFF STEVEN MENDOZA'S FELONY CONVICTIONS

Defendants move this Court for an order *in limine* to introduce evidence of Plaintiff's two prior felony convictions because his testimony is critical to his case, and thus his credibility is crucial in order to assess his testimony. Defendants seek to admit the following felony convictions under Federal Rule of Evidence 609(a)(1)(A):

- Aggravated Unlawful Use of Weapon/Vehicle/Previous Conviction (18 CR 1625601)

- Felon Possession/Use Weapon/Firearm (19 CR 1727601)

On December 31, 2020, Plaintiff was found guilty and sentenced to three years in the Illinois Department of Corrections ("IDOC") on 18 CR 1625601. On December 31, 2020, Plaintiff was also found guilty and sentenced to two years in the IDOC on 19 CR 1727601. Defendant was discharged from IDOC on April 9, 2021 and is currently on parole with a projected discharge date of April 9, 2023.

The admissibility of Plaintiff's prior felony convictions is governed by Fed. R. Evid. 609(a)(1)(A), which states that evidence of the convictions must be admitted subject to Rule 403. Fed. R. Evid. 609 (a)(1)(A). Rule 403 provides that the court may exclude relevant evidence if its probative value is "substantially outweighed" by the danger of unfair prejudice. Fed. R. Evid. 403. The idea behind Rule 609 "is that a person who has committed a serious crime is more likely than a law-abiding person to lie on the stand even if the case in which he is testifying has nothing to do with that crime." *Schmude v. Tricam Indus.*, 556 F.3d 624, 627 (7th Cir. 2009)

Here, Plaintiff's testimony is of central importance to his case. It is anticipated that Plaintiff will testify that he requested an accommodation to use a toilet at both Branch 38 and the Leighton Courthouse, but was denied an accommodation by a member of the Sheriff's staff at both locations. Defendants dispute that any such request for an accommodation was ever made. Additionally, it is anticipated that the Plaintiff and the officer's testimony will differ about what transpired when Plaintiff reached the gate just outside of Courtroom 600 at the Leighton Courthouse. Therefore, Plaintiff's testimony and credibility will be of central importance to the case. *See United States v. Gant*, 396 F.3d 906, 910 (7th Cir. 2005) (noting the importance of credibility when one party-witness's testimony contradicts the testimony of a witness supporting the opposing party's version of events).

Based on the he-said, he-said nature of the occurrences described above, and the fact that the jurors will already know that Plaintiff was an inmate at the Cook County jail, the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. As such, Defendants should be allowed to impeach Plaintiff by introducing the fact that he has two felony convictions.

### 20. MOTION *IN LIMINE* TO ADMIT EVIDENCE OF WITNESS RON BROWN'S PRIOR FELONY CONVICTION

Defendants respectfully move this Court for an order *in limine* to introduce evidence of the witness Ron Brown's prior felony convictions because his credibility is at issue, and the jury should be allowed to consider his felony conviction in their assessment. Ron Brown (who is named on Plaintiff's witness list) has felony convictions for:

- Possession of a Controlled Substance (16 CR 1773701);

- Theft/Deception (17 CR 0257401); and

- Theft/Deception (19 CR 0438801)

Ron Brown was sentenced one year imprisonment on May 3, 2017 for 16 CR 1773701. Mr. Brown was sentenced three years and six months imprisonment on June 21, 2017 for 17 CR 0257401. Mr. Brown also received a sentence of one year imprisonment on September 15, 2020 for 19 CR 0438801.

Mr. Brown's prior felony convictions are highly probative of his credibility, which is central to this case, and the jury must be allowed to consider those convictions in assessing credibility. "Rule 609 and the common law tradition out of which it evolved rest on the commonsense proposition that a person who has flouted society's most fundamental norms, as embodied in its felony statutes, is less likely than other members of society to be deterred from lying under oath in a trial by the solemnity of the oath, the (minuscule) danger of prosecution for perjury, or internalized ethical norms against lying." *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987). In the instant case, Mr. Brown's convictions go to his credibility. These convictions should be allowed to give the jury the opportunity to properly assess Mr. Brown's credibility and the probative value of allowing this evidence outweighs the prejudicial effect, especially as he is a non-party.

Moreover, the actual convictions should be told to the jury, particularly the theft/deception convictions which are probative of dishonesty and do not carry the potential of inflaming the jury's passions. Patterson v. City of Chicago, 2017 U.S. Dist. LEXIS 27572, *24-25. Use of the term "felony" is of little value in assisting a jury in this assessing credibility. *Campbell*, 831 F.2d at 707. A jury may believe that someone who has been convicted of a felony may not testify truthfully and they cannot make this determination "if all [they are] told is that the witness was convicted of a 'felony.' The crime must be named." *Id.*; *see also United States v. Smith*, 454 F.3d 707, 716 (7th Cir. 2006) (noting that the same rule applies to criminal cases). For these reasons, Defendants

respectfully request this Court permit Mr. Brown's convictions, and the name of the crimes for which he was convicted, to the jury.

### 21. MOTION TO BAR USE OF PLAINTIFF'S EXHIBITS 13, 14, 19 & 20 [BUSINESS CASES] FOR ANY PURPOSE AS IRRELEVANT AND CONFUSING

Defendants respectfully move this Court for an order *in limine* barring the use of Plaintiff's Exhibits 13, 14, 19 and 20, for any purpose, at trial as they are irrelevant and may potentially confuse the jury. Plaintiff seeks to introduce Plaintiff's Exhibits 13, 14, 19, and 20, which consist of what are known as 'business cases.' Business cases for Cook County Capital Planning purposes are essentially Department funding requests for additional projects. The document itself is actually a form that states: "[t]his document has been designed to assist you through the process of requesting funding for your project."

Rule 401 of the Federal Rules of Evidence provides that evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, the fact that there were funding requests submitted to Cook County for ADA projects is simply not relevant to the issue of whether Plaintiff was discriminated against because of his disability while he was detained at the Jail. None of these exhibits have a tendency to make any fact more or less probable. Instead, they merely show that requests for funding were made. Whether Cook County provided or did not provide funds for these requests is irrelevant to Plaintiff's ADA claims of discrimination in accessing the toilet and court.

Here, the business cases offered in Plaintiff's Exhibits 13, 14, 19 and 20 are not only irrelevant to the question of whether Plaintiff sustained any harm or damages as a result of allegedly non-ADA compliant fixtures, but those documents will also confuse the jury into believing that Cook County needed to approve these business cases to be in compliance with the

ADA. This is not the case. It is clear that 'reasonable accommodations' can be made in the absence of the structural changes outlined in the business cases (or funding requests). Because none of business cases could assist the jury's determination of liability or damages in any meaningful way, and because they would also confuse the issues before the jury, Plaintiff's Exhibits 13, 14, 19, and 20 should be barred.

### 22. MOTION TO BAR TESTIMONY, EVIDENCE, OR ARGUMENT OF ALLEGED VIOLATIONS OF ADA STANDARDS AT 111TH STREET COURTHOUSE AND LEIGHTON COURTHOUSE

The 111th Street Courthouse and Leighton Courthouse were built before 1992, and therefore, the ADA standards do not apply to these two courthouses. *See* 28 C.F.R. § 35.151(c)(1) (stating that the 1991 ADA standards apply only "[i]f physical construction or alterations commence after July 26, 1992, but prior to September 15, 2010"); Pltf's Resp. to Defts' SOF ¶ 27 (not disputing that the 111th Street Courthouse was built in 1980 and there have been no additions); Criminal Courthouse Renamed After Retired Judge And Civil Rights Leader George N. Leighton, Criminal Courthouse Renamed After Retired Judge And Civil Rights Leader George N. Leighton (https://www.cookcountyil.gov/news/criminal-courthouse-renamed-after-retired-judge-and-civil-rights-leader-george-n-leighton) (stating that the Leighton Courthouse was built in 1929.) Accordingly, this case is not about technical compliance with the ADA standards, for example, whether a sink was so many inches from the floor, whether the opening to the bathroom stall was so many inches wide, etc.

Rather, this case is about whether Defendants made reasonable modifications to their policies, practices, or procedures. *See Lacy v. Cook County*, 897 F.3d 847, 853-54 (7th Cir. 2018) ("When public entities offer services at inaccessible facilities built before 1992, it is clear that they can comply with Title II by making reasonable modifications to their policies, practices, or

procedures."). As such, testimony or evidence about technical violations of the ADA standards is irrelevant and prejudicial, and it will confuse the issues and mislead the jury. The jury may erroneously conclude that Defendants can be held liable if there was a technical violation of the ADA standards even if Plaintiff fails to prove that Defendants did not make reasonable modifications to their policies, practices, or procedures. *See id.* For these reasons, testimony or evidence about technical violations of the ADA standards should be barred. *See* Fed. R. Evid. R. 401, 402, and 403.

23. **MOTION TO BAR TESTIMONY, EVIDENCE, OR ARGUMENT THAT PLAINTIFF SUFFERED ANY PHYSICAL, EMOTIONAL, OR MENTAL INJURIES BECAUSE PLAINTIFF IS NOT SEEKING DAMAGES FOR SUCH INJURIES FOR CLAIMS 2, 3, AND 4**

Defendants move this Court for an order *in limine* barring Plaintiff from offering any testimony, evidence, argument, or otherwise informing the jury about any alleged physical, mental or emotional injuries for claims 2, 3, and 4. At the outset, in his Response to Defendants' Proposed Jury Instructions Nos. 18-20, Plaintiff confirmed that he is not seeking damages for emotional harm. Plaintiff's counsel later stated during a conferral that Plaintiff is not seeking compensatory damages for emotional injuries. Therefore, the Court should bar Plaintiff's counsel from arguing that Plaintiff suffered any mental or emotional injuries in this matter.

Defendants also anticipate that Plaintiff will testify that he allegedly suffered physical injuries as a result of him accessing courtrooms or bathrooms. Specifically, Plaintiff seeks to argue at trial that his damages include: (1) loss of opportunity and full participation in access to toilets, sinks, and movement to and from the courthouse; (2) loss of enjoyment of life; and (3) inconvenience. These alleged injuries are non-physical or are so *de minimis* that they do not constitute physical injuries for purposes of the PLRA.

Pursuant to the PLRA, which implicates claims 2, 3, and 4, Plaintiff must establish and prove that he suffered an actual physical injury, apart from a mental or emotional injury. *See* 42 U.S.C. § 1997e(e). The term "physical injury" is not defined in the PLRA and has not been defined by the Seventh Circuit. *See Phillips v. Hulett*, No. 12-3087, 2022 U.S. Dist. LEXIS 194071, at \*17 (C.D. Ill. Oct. 25, 2022). Several courts have held that the "physical injury" referenced by the PLRA must be more than *de minimis*. *See, e.g., Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002); *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). The PLRA's physical injury requirement applies to all prisoner claims, even the ADA and Rehabilitation Act claims. *Hacker v. Dart*, No. 17-cv-4282, 2021 U.S. Dist. LEXIS 183223, at \*31 (N.D. Ill. Sep. 24, 2021) (Seeger, J.) (citing *Cassidy v. Ind. Dep't of Corrs.*, 199 F.3d 374, 376-77 (7th Cir. 2000); *Phipps v. Sheriff of Cook Cty.*, 681 F. Supp. 2d 899, 909 (N.D. Ill. 2009)).

The comments for the Seventh Circuit Pattern Jury Instruction No. 7.27 entitled Compensatory Damages in Prisoner Cases, specifically committee comment (c), note that "[i]f there is a legal dispute whether an injury is 'physical' within the meaning of § 1997e(e), *the court should resolve that dispute before trial*." *See* Federal Civil Jury Instructions of the Seventh Circuit, https://www.ca7.uscourts.gov/pattern-jury-instructions/7th_cir_civil_instructions.pdf (emphasis added). Here, Defendants dispute that Plaintiff suffered an actual physical injury. In his Complaint, Plaintiff only once mentions that he suffered an injury when he fell out of his wheelchair following a court appearance but does not specify any injury. (Pl. Comp. ¶ 9, dkt. 1). Plaintiff later alleges pain and discomfort passing through a gate at the Leighton Courthouse, (Pl. Comp. ¶ 10), but these are also non-physical injuries.

Because Plaintiff has not shown that he suffered a physical injury, and any alleged injury is so *de minimis* as to not be a true "physical injury," Plaintiff should be barred from offering any testimony, evidence, argument, or otherwise informing the jury about any alleged physical, mental, or emotional injuries for claims 2, 3, and 4.

### 24. MOTION TO BAR TESTIMONY, EVIDENCE, OR ARGUMENT REGARDING AMOUNT OF TIME OR MONEY EXPENDED BY PLAINTIFF TO PROSECUTE CASE

Defendants move to bar Plaintiff from making any argument or presenting any testimony or evidence regarding the amount of time or money Plaintiff expended prosecuting this case. Such argument, testimony, or evidence is irrelevant and prejudicial, *see* Fed. R. Evid. R. 401, 402, and 403, and therefore, should be barred. *See Buck v. Young*, No. 17-cv-00270-SPM, 2022 U.S. Dist. LEXIS 22655, at *9 (S.D. Ill. Feb. 8, 2022) (granting similar motion); *Gomez v. Schoenbeck*, No. 3:16-CV-291-NJR-GCS, 2019 U.S. Dist. LEXIS 140101, at *6 (S.D. Ill. Aug. 19, 2019) (same).

### 25. MOTION TO BAR ANY "GOLDEN RULE" ARGUMENT

Defendants move to bar Plaintiff from making any type of "Golden Rule" argument to the jurors. "A 'Golden Rule' appeal in which the jury is asked to put itself in the plaintiff's position 'is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence.'" *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1246 (7th Cir. 1982) (citations omitted).

Therefore, Plaintiff should be prohibited from asking the jurors to put themselves into Plaintiff's position. Plaintiff should also be precluded from arguing Defendants' alleged conduct negatively impacts the safety of the jury, their family members, the community, or even the public at large. Additionally, Plaintiff's counsel should be precluded from asking the jurors or the jury panel their thoughts on, to think on, or to be mindful of safety, safety concerns, safety risks, safety

expectations, and/or expectations regarding employee training. *See Gannon v. Menard, Inc.*, No. 1:18-cv-00251-JMS-MJD, 2019 U.S. Dist. LEXIS 241340, at *14–16 (S.D. Ind. Aug. 26, 2019) (granting motion *in limine* on same issues).

26. **MOTION TO DEEM DEFENDANTS' PROPOSED STIPULATIONS AS JUDICIAL ADMISSIONS, OR ALTERNATIVELY, AS UNDISPUTED MATERIAL FACTS UNDER FED. R. CIV. P. 56(g)**

During the joint drafting of the pretrial order, Plaintiff refused to stipulate to the exact facts he previously represented to the Court were undisputed at summary judgment. Plaintiff should not be permitted to rely on facts at the summary judgment phase, only to deny, or attempt to modify, them when they are invoked at the trial stage.  There are four specific facts in Plaintiff's Local Rule 56.1(b)(3)(B) Statement (Dkt. 140) (where he responds to Defendants' Joint Local Rule 56.1(a) Statement of Undisputed Material Facts, Dkt. 133) that Plaintiff now disagrees to as joint stipulations:

1. Plaintiff was not deprived of attending court at the Branch 38/111th Street Courthouse. (Plaintiff's Local Rule 56.1(b)(3)(B) Statement, ¶16)

   Plaintiff's Response: Undisputed.

2. Plaintiff was not deprived of attending court at the Leighton Courthouse. (Plaintiff's Local Rule 56.1(b)(3)(B) Statement, ¶26, Dkt. 140.)

   Plaintiff's Response: Undisputed.

3. Plaintiff uses a catheter to drain his bladder. He inserts it like a straw and then discharges its contents into a toilet. (Plaintiff's Local Rule 56.1(b)(3)(B) Statement, ¶34, Dkt. 140.)

   Plaintiff's Response: Undisputed.

4. Plaintiff does not have to physically transfer out of his wheelchair in order to empty his bladder so long as he can approach a toilet to empty his waste. (Plaintiff's Local Rule 56.1(b)(3)(B) Statement, ¶36, Dkt. 140.)

   Plaintiff's Response: Undisputed.

In response to Defendants' draft pretrial order, Plaintiff proposed modifying these undisputed facts. However, the Court should enter Defendants' proposed stipulations because the exact, word-for-word, facts recited in Plaintiff's Local Rule 56.1(b)(3)(B) Statement (Dkt. 140), where he responds to Defendants' Joint Local Rule 56.1(a) Statement of Undisputed Material Facts (Dkt. 133), are judicial admissions. "Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal." *Keller v. United States*, 58 F.3d 1194, 1198 n.8 (7th Cir. 1995). They are not "limited to statements made in a particular motion or application pending. Any deliberate, clear, and unequivocal statement, either written or oral, made in the course of judicial proceedings qualifies as a judicial admission." *Pierce v. City of Chicago*, No. 09-CV-1462, 2012 WL 401026, at *10 (N.D. Ill. Feb. 7, 2012) (internal citations and quotations omitted).

Same as here, other courts in this district have treated parties' responses to Local Rule 56.1 statements of material undisputed facts as judicial admissions. *Frymire v. Peat, Marwick, Mitchell & Co.*, No. 85 C 10460, 1991 WL 5337, at *1 (N.D. Ill. Apr. 22, 1991); *see also* Order, *Baghdady v. Robbins Futures, Inc.*, Case No. 97-cv-08794, Dkt. 293, at *6 (N.D. Ill. Feb. 2, 2006) (Valdez, J.). In *Frymire*, the court allowed the plaintiff to introduce at trial the defendant's responses to plaintiff's statement under Local Rule 12(M) (Local Rule 56.1's virtually identical predecessor), holding that they were judicial admissions that could not be contested at trial. *Id*. The court reasoned that, "where an admission in a document required to be filed in proceedings on a motion for summary judgment has such potentially serious consequences as a [Local Rule 56.1's predecessor] response does, the admission is of sufficient quality to permit it to be used at trial." 1991 WL 5337, at *1. The court dismissed the defendant's argument as disingenuous in part because the defendant "placed itself in the position of asserting at the motion for summary

judgment that certain facts exist without genuine dispute while asserting at trial that a genuine dispute exists with respect to those same facts." *Id.*

Having previously represented to the Court that certain facts were undisputed, Plaintiff should not be permitted to deny, or attempt to modify, the very same facts for purposes of trial. Such blatant gamesmanship undermines the essential function of Rule 56 to narrow the issues that must be resolved by the jury.

Alternatively, this Court should admit Defendants' proposed stipulations under Fed. R. Civ. P. 56(g). Under Fed. R. Civ. P. 56(g), a court is authorized to determine what facts are genuinely contested after summary judgment and "treat[] the fact as established in the case." Fed. R. Civ. P. 56(g). Although "best practice" is to issue a Rule 56(g) order "contemporaneously with [a] summary-judgment decision," it is not a requirement. *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F. 3d 405, 416 (7th Cir. 2019). Indeed, courts in this district have entered Rule 56(g) orders in response to a party's motion *in limine* to deem certain facts admitted, after a joint pretrial order has been filed. *See Petit v. City of Chicago*, No. 90 C 4984, 2002 U.S. Dist. LEXIS 38, at *26-27 (N.D. Ill. Jan. 2, 2002).

Even if this Court declines to deem the four facts from Plaintiff's Local Rule 56.1(b)(3)(B) Statement (Dkt. 140) to be judicial admissions, it should exercise its discretion to admit these facts at trial under Rule 56(g). The four facts identified are material, not genuinely in dispute and without substantial controversy.

Therefore, this Court should accept Defendants' proposed stipulations as judicial admissions, or in the alternative, as undisputed material facts under Fed. R. Civ. P. 56(g), as they will not prejudice either party, but rather will serve the interest of efficiency.

**27. MOTION TO BAR TESTIMONY, EVIDENCE, OR ARGUMENT THAT DEFENDANTS ARE LIABLE FOR NOT HAVING GRAB BARS AT THE 111TH STREET COURTHOUSE DETENTION CELL BECAUSE DETENTION CELLS ARE NOT REQUIRED TO HAVE GRAB BARS**

Defendants expect Plaintiff to argue that they are liable because the detention cell at the 111th Street Courthouse does not have grab bars. However, Plaintiff's expert opines that a "detention cell is not required to have wall mounted grab bars." (*See* Defts' *Daubert* Motion, Section C, filed contemporaneously with this motion *in limine*.) Defendants cannot be held liable for not having grab bars in the detention cell. (*See id.*) Rather, this case is about whether Defendants made reasonable modifications to their policies, practices, or procedures. *See Lacy*, 897 F.3d at 853-54 (7th Cir. 2018) ("When public entities offer services at inaccessible facilities built before 1992, it is clear that they can comply with Title II by making reasonable modifications to their policies, practices, or procedures."). Because a detention cell is not required to have grab bars, as even Plaintiff's own expert admits, this Court should bar any testimony, evidence, or argument that Defendants are liable for not having grab bars at the 111th Street Courthouse detention cell.

**28. MOTION TO BAR TESTIMONY, EVIDENCE, OR ARGUMENT THAT DEFENDANTS ARE VICARIOUSLY LIABLE FOR THE ACTIONS OF ITS EMPLOYEES UNDER A RESPONDEAT SUPERIOR THEORY**

Defendants respectfully move the Court *in limine* to bar Plaintiff from offering evidence or testimony that Defendants are vicariously liable based on the misconduct of any of its employees. Vicarious liability is not a basis for liability under Title II of the ADA or § 504 of the Rehabilitation Act. *See Ravenna v. Village of Skokie*, 388 F. Supp. 3d 999, 1008 (N.D. Ill. 2019). Rather, for Plaintiff to succeed on his claims, he must prove that an "official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on [the defendant's] behalf ha[d] actual knowledge of discrimination in [the defendant's] programs and

fail[ed] to adequately respond." *Id.* (quoting *Gebser v. Lago Vista Independent School District*, 524 U.S. 274, 290 (1998)).

In *Smith v. Metropolitan School District Perry Township*, 128 F.3d 1014 (7th Cir. 1997), the Seventh Circuit held that "when a statute fails to provide individual or personal liability, vicarious liability 'based on agency principles' is not available." *Ravenna*, 388 F. Supp. 3d at 1005 (quoting *Smith*, 128 F.3d at 1022-28). In *Smith*, the Seventh Circuit explained that "Title VII permits *respondeat superior* liability because it defines 'employer' to include 'agents of the employer,' whereas Title IX (the statute at issue in *Smith*), which lacks analogous statutory language, does not permit such liability." *Id.* at 1005-06. Title II does not create individual or personal liability, and therefore, the reasoning in *Smith* implies "that an agency cannot be liable for a Title II violation under a theory of respondeat superior liability." *Id.* at 1006.

The remedies for violations of Title II of the ADA and § 504 of the Rehabilitation Act are "coextensive" with the remedies available in cases brought under Title VI of the Civil Rights Act of 1964. *Barnes v. Gorman*, 536 U.S. 181, 185 (2002); *see also Jones v. City of Detroit*, 20 F.4th 1117, 1119 (6th Cir. 2021). In *Gebser v. Lago Vista Independent School District*, 524 U.S. 274, 285–90 (1998), the Supreme Court held that there is no vicarious liability under Title IX of the Education Amendments of 1972. Title VI and Title IX are analogous because Congress modeled Title IX after Title VI, *see id.* at 286, and Title VI shares all of the relevant features with Title IX, *see Jones v. City of Detroit*, 20 F.4th 1117, 1121 (6th Cir. 2021). Thus, by extension (because Title VI is analogous to Title IX), there is no vicarious liability under Title VI and no vicarious liability under the ADA or § 504 of the Rehabilitation Act. *See Ravenna*, 388 F. Supp. 3d at 1006 (pointing out that *Gebser*'s reasoning that there is no vicarious liability under Title IX is "equally applicable to Section 504, and by extension Title II of the ADA").

Similarly, in *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978), the Supreme Court held that there is no respondeat superior liability for Section 1983 claims. In *Gebser*, "the Supreme Court noted that the concern that motivated *Monell*, regarding the 'risk that the [public entity] would be liable in damages not for its own official decision but instead for its employees' independent actions,' was also present with respect to Title IX since the statute did not provide individual or personal liability." *Ravenna*, 388 F. Supp. 3d at 1006–07 (citing *Gebser*, 524 U.S. at 290–91). "This indicates that *Monell*'s rejection of respondeat superior liability with respect to public entities should extend to any civil rights statute that—like Title II of the ADA—provides liability for the entity while excluding liability for individuals." *Id.* at 1007.

In the present case, Defendants expect Plaintiff to present evidence and argue that Defendants are vicariously liable based on the misconduct of some of its employees. For example, Plaintiff faults Officer Luckett for pushing Plaintiff's wheelchair through the grass at the 111th Street Courthouse, causing him to allegedly fall out of the wheelchair. (Pl.'s SOF ¶¶ 23–24, ECF No. 141.) Plaintiff faults Officer Sapp for refusing to address Plaintiff's request to use the bathroom at the 111th Street Courthouse. (*Id.* ¶¶ 19, 30.) Plaintiff also blames Officer De Los Monteros for refusing to use an alternative route instead of passing through the gate for Plaintiff to access court at the Leighton Courthouse. (*Id.* ¶¶ 7, 10–12.) Plaintiff alleges he was held in an inaccessible bullpen prior to attending court at the Leighton Courthouse, which caused him to urinate on himself. (*Id.* ¶¶ 14.) Although Plaintiff does not identify any employee whom he blames for urinating on himself in the bullpen, Plaintiff may try to blame someone during his testimony at trial.

Permitting Plaintiff to present evidence or suggest to the jury that Defendants can be held liable based on the misconduct of their employees would be overwhelmingly prejudicial to

Defendants in the defense of this matter. A jury would be unable to separate the misconduct of the employees, for which Plaintiff has no claim, from the alleged ADA claim on which the jury is deciding liability and damages. There is a clear risk that a juror presented with evidence of misconduct would assume, in spite of any instructions to the contrary, that an ADA violation had occurred. The jury's inevitable confusion would only serve to obscure the central issues in this case. Fed. R. Evid. 403. Thus, Plaintiff should not be permitted to interject evidence of misconduct into these proceedings.

Vicarious liability is not a basis for liability under Title II of the ADA or § 504 of the Rehabilitation Act. *See Ravenna*, 388 F. Supp. 3d at 1008. Accordingly, Plaintiff's counsel and any of Plaintiff's witnesses should be barred from referencing misconduct of Officer Luckett, Officer Sapp, Officer De Los Monteros, or any other employee, and barred from arguing that Defendants can be held vicariously liable for the employees' misconduct.

Respectfully submitted,

JOHNSON & BELL, LTD.

By:     /s/ *Monica Burkoth*
One of the attorneys for Defendant,
Thomas Dart, Sheriff of Cook County
Monica Burkoth
Samuel Branum
JOHNSON & BELL, LTD.
33 W. Monroe St., Suite 2700
Chicago, Illinois 60603
(312) 372-0770
burkothm@jbltd.com
branums@jbltd.com

KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ Christina Faklis Adair*
One of the attorneys for Defendant,
Thomas Dart, Sheriff of Cook County
Christina Faklis Adair
Assistant State's Attorney
Civil Rights/Torts Litigation
500 Richard J. Daley Center
Chicago, Illinois 60602
(312) 603-4634
Christina.Adair@cookcountyil.gov

*/s/ Miguel E. Larios*
Attorney for Defendant, Cook County
Miguel E. Larios
Assistant State's Attorney
Conflicts Counsel Unit
Cook County State's Attorney's Office
50 West Washington Street, Suite 2760
Chicago, Illinois 60602
(312) 603-1427
Miguel.Larios@cookcountyil.gov

## CERTIFICATE OF SERVICE

I, Christina Adair, hereby certify that on January 24, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois Eastern Division by using the CM/ECF system. I certify that the foregoing was served upon the person named pursuant to the District Court's ECF system on January 24, 2023.

*/s/ Christina Adair*
Christina Adair