UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN MENDOZA,<br>    Plaintiff<br><br>v.<br><br>THOMAS J. DART and COOK COUNTY, ILLINOIS,<br>    Defendants | No. 20 CV 670<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendants' motion in limine #23 is denied in part and granted in part.

## STATEMENT

The defendant seeks to bar testimony concerning any mental or emotional injuries the plaintiff suffered. The plaintiff acknowledges that he is not seeking damages for mental or emotional injuries. R. 168 at 14. As such, testimony concerning any mental or emotional harm is not relevant. Therefore, the plaintiff may not testify about any mental or emotional harms he suffered.

The defendant further seeks to bar testimony of non-physical or de minimis injuries, to include the loss of opportunity to access toilets, loss of enjoyment of life, and inconvenience. The plaintiff responds that he should be permitted to seek damages for harms that are separate from emotional or mental harms. The Seventh Circuit has "allowed a prisoner with no physical injury to pursue damages for certain discrete harms, including loss of access to programs and activities in the prison." *Hacker v. Dart*, 62 F.4th 1073, 1086 (7th Cir. 2023). Here, the plaintiff seeks to recover for the following discrete harms: (1) spilling urine on himself and waiting in soiled clothes because he was unable to access a toilet on the same basis as other inmates; (2) inability to access water for drinking or washing on the same basis as other inmates; and (3) inability to access the courthouses on the same basis as other inmates. The plaintiff may present evidence of these discrete harms, but may not introduce evidence of or argue about any related emotional or mental harms associated with the discrete harms.

Date: 3/4/2024

JEREMY C. DANIEL
United States District Judge