UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN MENDOZA,<br>　　　　Plaintiff<br><br>　　v.<br><br>THOMAS J. DART and COOK<br>COUNTY, ILLINOIS,<br>　　　　Defendants | No. 20 CV 670<br><br>Judge Jeremy C. Daniel |

### ORDER

The plaintiff's motion for leave to amend the complaint, R. 196, is denied on futility grounds because the statute under which the plaintiff seeks relief is not retroactive.

### STATEMENT

The plaintiff seeks leave to file an amended complaint that includes a claim alleging a violation of the Illinois Civil Rights Remedies Restoration Act ("ICRRRA"), 775 ILCS 60/1, *et seq.* According to the ICRRRA, "[t]he U.S. Supreme Court's decision in *Cummings v. Premier Rehab Keller, P.L.L.C.*, 142 S.Ct. 1562 (2022) prohibits damages for emotional distress for violations of the Spending Clause statutes at issue there, the Rehabilitation Act of 1973, and the Patient Protection and Affordable Care Act, unless they expressly provide for such damages. The decision will likely impair the availability of emotional distress damages under other federal civil rights statutes as well." 775 ILCS 60/5(b). In response to *Cummings*, the ICRRRA provides the following remedies for violations of certain federal statutes, including Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act of 1990, "[w]hoever injures another by a violation of this Act is liable for each and every offense for all remedies available at law, including, but not limited to, damages for past, current, and future monetary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonmonetary losses, and any amount that may be determined by a jury, or a court sitting without a jury, but in no case less than $4,000, and any attorney's fees, costs, and expenses, including, but not limited to, expert witness fees, that may be determined by the court in addition thereto." 775 ILCS 60/15, 60/20.

The defendants oppose the plaintiff's motion. According to the defendants: (1) the plaintiff failed to seek leave to make all of the changes included in the proposed amended complaint; (2) the amendment is unduly prejudicial to the defendants at

this stage of the case; (3) the plaintiff's motion is untimely; (4) the amendment is futile because the ICRRRA is not retroactive; and (5) the amendment is futile because the Tort Immunity Act shields the defendants from liability.

The Court understands the plaintiff's motion to seek leave to add a claim under the ICRRRA tied to the currently pending claims under Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act of 1990. Should the Court grant the plaintiff's motion, no further amendments would be allowed. Consequently, the only additional proof required at trial would relate to additional damages available under the ICRRRA that the plaintiff may seek. As such, the defendants' argument concerning the scope of the amendment and any resulting prejudice fails.

The defendants further contend that the need to "examine an entirely different body of law concerning the [ICRRRA]" would prejudice them because it would be "costly, time-consuming, and burdensome." *See* R. 209 at 6. The Court does not find this argument persuasive. The statute is relatively short and limited in scope. It's stated purpose is to "restore in Illinois the full enjoyment of the civil rights unjustly limited by the U.S. Supreme Court in its decision in *Cummings*." 775 ILCS 60/10. It seeks to accomplish this by restoring remedies for emotional distress and by establishing statutory damages. 775 ILCS 60/20. While the Court understands that the defendants may have asked additional questions of the plaintiff at his deposition concerning these additional damages, and while legal issues related to the ICRRRA may require additional briefing by the parties, any resulting prejudice does not warrant denial of the plaintiff's motion. It's not uncommon for parties to brief issues in advance of trial and, if necessary, the Court could order a limited deposition of the plaintiff concerning the additional damages.

The ICRRRA took effect January 1, 2024. For some reason, the plaintiff waited five weeks, until February 2, 2024, to file his motion seeking leave to amend his complaint. While not prompt, as the plaintiff contends, the filing was not unjustifiably delayed either. Moreover, the filing was more than six weeks before the scheduled start of the trial in this case. Consequently, the Court does not find that the motion was untimely.

But the Court does find that amendment would be futile. "District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014) (quoting *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013)). According to the defendants, amendment would be futile because the ICRRRA is not retroactive.

"To determine whether a statute applies retroactively, the Illinois Supreme Court has adopted the same approach that the United States Supreme Court enunciated in

*Landgraf v. USI Film Product.*, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 536 (7th Cir. 2007). "It begins with the default presumption that a statute acts prospectively only." *Id.* But a clear legislative intent for the statute to apply retroactively can overcome this presumption. Under *Landgraf*, a court must "determine whether the legislature expressly prescribed the statute's temporal reach." *Id.* If so, courts must give the legislature's intent effect provided retroactive application of the statute would not violate the Constitution. *Id.*

While *Landgraf* establishes a second consideration where a statute does not contain an express provision regarding retroactivity, *see id.*, the Illinois Supreme Court has described that step as "uneventful" given Section 4 of Illinois' "Statute on Statutes," 5 ILCS 70/4. *People ex rel. Alvarez v. Howard*, 72 N.E.3d 346, 352 (Ill. 2016). "Section 4 is a general savings clause, which [the Illinois Supreme Court] has interpreted as meaning that procedural changes to statutes will be applied retroactively, while substantive changes are prospective only." *Id.* "[A]n Illinois court will never need to go beyond step one of the *Landgraf* test because the legislature has clearly set forth the temporal reach of every amended statute . . . If the temporal reach of the amendment is not set forth in the statutory amendment itself, then it is provided by default in Section 4." *Id.* at 353 (citation omitted).

Here, the plaintiff argues that the Illinois legislature "clearly indicated" that the ICRRRA is retroactive because the stated purpose of the statute is to restore rights limited by *Cummings*. *See* R. 196 at 3; *see also* R. 211 at 5. This argument fails for several reasons. As a threshold matter, a legislative "choice to enact a statute that responds to a judicial decision is quite distinct from the choice to make the responding statute retroactive." *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 305 (1994). This undercuts the notion that "[i]t necessarily follows that the Illinois legislature expressly drafted this statute to apply retroactively to 'restore' the rights that were 'unjustly limited' in April of 2022." *See* R. 211 at 5.

While the express purpose of the ICRRRA is to "restore in Illinois the full enjoyment of the civil rights unjustly limited by the U.S. Supreme Court in its decision in *Cummings*," 775 ILCS 60/10, this is not a clear prescription of the statute's temporal reach. The word "restore" could mean to "give back, return" or "to bring back to or put back into a former or original state." *See* https://www.merriam-webster.com/dictionary/restore (last visited Mar. 1, 2024). The statute's express legislative findings indicate that it's the "full range of remedies once available" that's being restored. *See* 775 ILCS 60/5(c) ("As a result of the *Cummings* decision, an individual whose civil rights have been violated will be left without the full range of remedies once available . . . .").

There is no indication in the statute concerning whether that restoration applies retroactively. *Cf. Doe A. v. Diocese of Dall.*, 917 N.E.2d 475, 483 (Ill. 2009) (legislature clearly indicated when the relevant statute applied by stating that the amendment

3

applied to actions pending when the changes took effect); *cf. People ex rel. Birkett v. Konetski*, 909 N.E.2d 783, 794–95 (Ill. 2009) (statute applied retroactively when the statute stated, "this Section applies retroactively"); *cf. Allegis Realty Invs. v. Novak*, 860 N.E.2d 246, 254 (Ill. 2006) (statute directed to taxes authorized prior to enactment of statute intrinsically retroactive).

Because the ICRRRA does not expressly prescribe its temporal reach, Section 4 of Illinois' "Statute on Statutes" applies. *See People v. Hunter*, 104 N.E.3d 358, 364 (Ill. 2017) ("Thus, if the temporal reach of the statute is not clearly indicated in its text, then the statute's temporal reach is provided by default in section 4 of the Statute on Statutes."). Notably, the plaintiff did not respond to the defendants' arguments concerning Section 4. There is no dispute as to whether the ICRRRA is substantive— it establishes a state cause of action. Because it is substantive, and because there is no express provision concerning retroactivity, the statute applies prospectively. As such, the plaintiff cannot state a claim under the ICRRRA for the defendant's past conduct, which makes amendment futile. The Court therefore denies his motion for leave to amend the complaint.[1]

Date: 3/4/2024

JEREMY C. DANIEL
United States District Judge

---

[1] Because the Court has determined that the ICRRRA is not retroactive, thereby rendering amendment futile, the Court declines to address the interplay between the ICRRRA and Illinois' Tort Immunity Act, 745 ILCS 10/1-101, *et seq.*, which arguably raises a novel issue of state law.

4