UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN MENDOZA,<br>    Plaintiff<br><br>    v.<br><br>THOMAS J. DART and COOK COUNTY, ILLINOIS,<br>    Defendants | No. 20-cv-00670<br><br>Judge Jeremy C. Daniel |

# ORDER

The defendants' motion to bar the opinions of the plaintiff's expert, R. 164, is denied in part and granted in part.

## STATEMENT

The defendants have moved to exclude opinions offered by Gary Keclik; a licensed architect retained as an expert by the plaintiff. In considering the defendants' motion, the Court must consider "whether the witness is qualified; whether the expert's methodology is scientifically reliable; and whether the testimony will 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 779 (7th Cir. 2017).

According to the Complaint, the plaintiff is paralyzed and requires a wheelchair to move from place to place. R. 1 ¶ 6. While in state custody, the plaintiff had to attend court at Branch 38 (the "111th Street Courthouse") and the Leighton Courthouse. *Id.* ¶ 7. Neither courthouse was accessible to the plaintiff. *Id.* ¶¶ 8-10. Mr. Keclik visited both courthouses, took measurements, made observations, and then issued reports concerning his findings. While the defendants have not challenged Mr. Keclik's qualifications, they have in some instances challenged his methods and whether his testimony will assist the jury.

Opinions concerning ADA-Compliance. The defendants argue that Mr. Keclik's opinions concerning whether the courthouses are ADA-compliant are legal conclusions. They are not. Mr. Keclik measured various openings and compared those measurements to standards established by regulation. To the extent that the defendants claim that Mr. Keclik did not employ any methodology in reaching these opinions, that argument also fails. The methodology was as described—he measured and he compared. While methods must be reliable, they do not have to be complicated.

Here, Mr. Keclik measured an aspect of the courthouse, found the corresponding regulation for that aspect, and then compared the two. These are observations, not legal conclusions. "When an expert offers an opinion relevant to applying a legal standard . . . the expert's role is 'limited to describing sound professional standards and identifying departures from them.'" *Jimenez v. City of Chicago*, 732 F.3d 710, 721 (7th Cir. 2013). One would expect an architect to be familiar with building standards and regulations. Notably, the defendants do not contend that Mr. Keclik applied the wrong standards or that he measured incorrectly. One would further expect an architect to be able to assess whether a building is ADA-compliant and to be able to propose modifications to make a building ADA-compliant. As such, Mr. Keclik may testify about his opinions concerning his comparison of the courthouses to ADA requirements.

Pooling water. The defendants next argue that Mr. Keclik failed to disclose in his report his opinion that an elevation change caused water to pool at the 111th Street Courthouse. Fed. R. Civ. P. 26(a)(2)(B)(i) requires an expert's report to contain "a complete statement of all opinions the witness will express and the basis and reasons for them." In his report, Mr. Keclik describes an exterior path of travel that terminates with "an abrupt drop from the parking surface to the sidewalk between .75 and 1.125 inches" and concludes that this does not comply ADA-requirements. R. 164-1 at 2. The report includes a photograph that shows moisture on the sidewalk, but there is no discussion as to whether the terrain allows for pooling. For instance, the report does not address whether any pooling is caused by a concave surface or by the "abrupt drop" or both. This leaves the defendants unable to meet the opinion, which is something expert disclosures are designed to prevent.

Further, there is no suggestion that Mr. Keclik observed pooled water or that he conducted any testing to determine whether water actually pooled in this area. Because he failed to disclose any opinions concerning pooling water in his report, and because his opinion is based on speculation, Mr. Keclik may not testify about whether water would pool here. To be clear, Mr. Keclik can testify to the measurements he took and describe what he saw (to include the photograph), but he cannot speculate beyond that.

Grab bars. The defendants argue that Mr. Keclik should not be allowed to testify that detention cells do not have grab bars because they are not required to have them, and allowing that testimony would confuse the jury. The plaintiff responds that ADA-accessible toilets require grab bars. What neither party addresses is whether the detention cell(s) at issue have a toilet. If they do, then Mr. Keclik may testify about the presence of grab bars near the toilet, even if in a detention cell. If the detention cells do not have toilets, then he cannot testify about whether detention cells have grab bars.

<u>Restroom in secure lockup area; path to this restroom</u>. The defendants seek to bar testimony concerning whether a particular restroom was ADA-accessible because the plaintiff did not testify that he was denied access to that restroom. According to the defendants, the testimony is not relevant and runs afoul of Fed. R. Evid. 403. But the extent to which the plaintiff had access to ADA-compliant restrooms in the courthouses is a central issue in this case. Each restroom available to inmates but not ADA-accessible implicates the extent to which the defendants could accommodate the plaintiff's disability. Mr. Keclik may testify on this topic.

The defendants further argue that Mr. Keclik should not be allowed to testify about the path leading to this restroom. This argument fails for the same reasons. Therefore, Mr. Keclik may testify on this topic.

<u>Other opinions</u>. The defendants argue that Mr. Keclik should not be allowed to testify about his opinions concerning a host of areas that are not directly related to the plaintiff's claims. The Court's unable to determine the relevance of these opinions without adequate context. Therefore, the defendants may raise their objections to these opinions at trial.

Date: <u>3/4/2024</u>

JEREMY C. DANIEL
United States District Judge